# ABNER McCONNELL v. APOLLO SAVINGS BANK.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY.

Argued October 13, 1890—Decided January 4, 1892.

(*a*) Plaintiff brought suit against "the Apollo Savings Bank, an incorporation," etc.   On the trial, an amendment was allowed striking out the words " an incorporation," etc.   An offer of the testimony of the plaintiff as a witness in his own behalf was refused, and the refusal assigned for error, after judgment entered on a verdict in favor of the defendant.

1. There was nothing upon which the ruling could be intelligently reviewed.   Moreover, after the amendment, the case stood against the " Apollo Savings Bank" alone, with nothing to show the character of the association, or the names of the parties composing it.   If a partnership, there was no defendant.   A judgment for the plaintiff, therefore, would be fruitless.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 263 October Term 1891, Sup. Ct.; court below, No. 376 June Term 1886, C. P.

On May 31, 1886, Abner McConnell issued a summons " in case sur contract," against " the Apollo Savings Bank, a corporation under the laws of Pennsylvania."   On December 27th the plea of nul tiel corporation was entered.

At the trial, on June 5, 1890, additional pleas and specifications were filed, but what they were was not shown in the paper-books.   The trial proceeding, the plaintiff was called in his own behalf:

Mr. Mechling: " Q. State if you were the possessor of any land, and how much and what it was worth."

Mr. Buffington: I wish to ask what he proposes to prove by this witness.

Mr. Mechling: We wish to prove that he was the owner of some land and that he sold it, or made the arrangement to sell it, with the president of the association.   I want to prove what he did; whether he is in possession of it now or not, and what became of it.   I think that is just exactly what is necessary to make out our case.

Statement of Facts.

By the court: The counsel complain that your proposition does not enlighten them sufficiently.

Mr. Mechling: In addition, we propose to show the court that we owned this property and were in possession of it, and by an agreement with the banking association it was sold and the proceeds never turned over; and he is a competent witness, no doubt, about that. I propose to show these facts, and corroborate by other evidence to be brought up afterwards.

Mr. Buffington: We object; (1) Because the statement made by the counsel of what he proposes to prove, would impose no legal liability upon the defendant. (2) There is no offer to show that the defendant company is a corporation. (3) Because there has been no tender of the amount that this bank expended in purchasing the real estate, in the payment of it, or an offer to pay for it. (4) Because there is no copy of any agreement filed with the papers in the case, and under the rules of evidence it should be given in evidence; and, as an additional reason, the defendant company being a copartnership, and John B. Chambers being dead, the witness is incompetent to testify to facts that occurred in his lifetime.

By the court: They deny that they are a corporation, and you will have to show that.

Mr. Mechling: We will prove it by the books.

By the court: Well, bring them right here. The counsel for the Apollo Savings Bank say that they are not a corporation.

Mr. Mechling: I ask leave of the court to amend the record in that regard, and they can try the case again if they want to. I ask for this amendment, and let the case be determined accordingly.

By the court: We will make the amendment, but we caution you that you may have trouble getting testimony in, the way the record stands.

—The record was then amended so as to read " against the Apollo Savings Bank," striking out the words, " an incorporation under the laws of Pennsylvania." The case then proceeded:

Mr. Buffington: We make the further objection, that there is no offer to show that there is such a body corporate or partnership as the Apollo Savings Bank.

Arguments.

Mr. Mechling : That objection is out of place. The amendment corrects that. I propose to show right here, that the Apollo Savings Bank is doing business and were at that time.

By the court: Proceed with what you propose to prove.

S. M. Jackson, sworn : " Q. State if you are in any way connected with the Apollo Savings Bank. A. Yes, sir. Q. How long? A. Since 1881. Q. Were you connected with the bank at the time this transaction was made with McConnell? A. I was. Q. State under what title and what name that institution did business? "

Mr. Buffington : I would like to ask whether the way they did business is in writing.

" A. The articles of association are in writing. Q. Is it a corporate institution either by the legislature or the court? A. It is an association."

Mr. Buffington : The writings are the best evidence.

By the court: Yes, that would be the best evidence.

Mr. Mechling : He has stated that it is an association doing business, and it is not necessary, now that the answer is made ; we would not be required to produce the writing after the question is answered.

By the court: Have you nothing further? We will sustain the objection made to the testimony and seal you a bill of exceptions ; exception.

By the court: Have you nothing further to offer, Mr. Mechling?

Mr. Mechling : No, sir.

By the court: Gentlemen of the jury, we direct you to render a verdict for the defendant, as there is no testimony.

—The jury returned a verdict for the defendant. Judgment being entered, the plaintiff took this appeal, specifying:

1. " That the court clearly erred in not permitting the plaintiff to testify in his own behalf.

*Mr. Frank Mechling* (with him *Mr. W. R. Boyer*), for the appellant.

It is clear that it was the intention of § 5 (*e*), act of May 23, 1887, P. L. 159, to exclude a party from testifying, only when the opposite party is dead. In this case, the Apollo banking

association is not dead, and the death of its president would not be sufficient to exclude the testimony of the plaintiff.

Mr. Joseph Buffington (with him Mr. Orr Buffington), for the appellee.

Counsel filed no printed brief.

PER CURIAM:

The single specification of error is " That the court clearly erred in not permitting the plaintiff to testify in his own behalf."

There is nothing in the paper-book of the appellant which enables us to dispose of this question intelligently. We gather, however, from the fragmentary glimpses of the case which it discloses, that the president of the bank was dead, and the testimony referred to had reference to some conversation or contract to which he was a party. In the printed argument of the appellant it is said: " In this case, the Apollo banking association is not dead, and the death of its president would not be sufficient to exclude the testimony of the plaintiff." This might be so if the defendant bank was an incorporated association, but it appears not to have been such. The record discloses that upon the trial below the plaintiff moved the court " to so amend the record as to read ' against the Apollo Savings Bank,' striking out the words ' an incorporation under the laws of Pennsylvania.' " This amendment was allowed, so that the suit stands against the Apollo Savings Bank, without anything upon the record to show the character of the institution, or the names of the persons composing it, if it be a partnership or a private banking association. If the latter, there is no defendant on the record. A suit against a firm must set out the names of the individuals composing the firm. A judgment against the Apollo Savings Bank would do the plaintiff no good, if he had one. Under the circumstances, we can do nothing but affirm the judgment.

Judgment affirmed.