## Moore, Appellant, v. Moore.

*Partnership—Judgment in firm name—Lien.*

A judgment against a partnership, by the name of the firm, is not void, and will be supported for the purpose of distribution of the proceeds of the firm's real estate.

An amicable scire facias to revive a judgment was signed " C. G. Moore, J. W. Moore," and judgment was entered thereon against " John W. Moore and Charles G. Moore, partners as J. W. Moore & Co." The note upon which the original judgment was entered was signed " J. W. Moore & Co." *Held,* that the judgment was a lien on the partnership real estate.

*Partnership real estate—Conversion—Judgment—Order of liens.*

Real estate owned by a partnership as partnership property is not converted into personalty as to creditors, and when it is sold under execution, the fund realized by the sale is distributable to the judgment creditors of the firm according to the priority of the entry of their judgments.

Argued Oct. 11, 1892. Appeal, No. 149, Oct. T., 1892, by plaintiff, D. E. Moore, from order of C. P. Beaver Co., Dec. T., 1890, No. 257, distributing the proceeds of a sheriff's sale of real estate of J. W. Moore & Co. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Distribution of proceeds of sheriff's sale of real estate.

The auditor, Richard S. Holt, Esq., reported the facts to be as follows :

" From the evidence, the auditor finds that the real estate from which the fund for the distribution was realized was purchased by John W. Moore, John E. Moore and Charles G. Moore, as partnership property, on April 2, 1868, and that the said John E. Moore conveyed all his interest therein to John W. Moore and Charles G. Moore, as partners, on Oct. 5, 1875. That the said real estate was owned and used by the said J. W. Moore and C. G. Moore as partnership property, is not controverted. That on Jan. 14, 1884, C. G. Moore and J. W.

Moore executed and delivered to D. E. Moore a judgment note on which said judgment at No. 257, December term, 1890, was entered on Nov. 14, 1890. That on Sept. 25, 1884, J. W. Moore & Co. executed and delivered to Sallie Heilman, now Sallie Lease, a judgment note on which judgment was entered at No. 80, December term, 1884. That an amicable scire facias to revive said last mentioned judgment was signed by Sallie Lease, C. G. Moore and J. W. Moore, on which said judgment at No. 51 December term, 1889, was entered. That on Oct. 6, 1890, J. W. Moore and Co. executed and delivered to D. E. Moore a judgment note on which said judgment at No. 141, December term, 1890, was entered. That the notes upon which said judgments are founded were given for partnership debts is admitted by both claimants. That execution was issued on said judgment of D. E. Moore, and by virtue thereof the said real estate was levied on by the sheriff on the 3d day of September and 7th day of October, 1891, as appears by indorsements on the backs of said writs of alias fi. fa., and sold on the 5th day of December, 1891, as appears by the sheriff's deed therefor, which was executed and acknowledged on the 16th day of December, 1891, for the sum of four hundred and forty dollars, to distribute which is the only duty of the auditor in the premises.

" The said Sallie Lease and D. E. Moore are the only persons claiming this fund. Sallie Lease claims that the money should be first applied to the payment of her judgment on the ground of priority of lien. D. E. Moore contends that it should be first applied to said writs of alias fi. fa., for the following reasons :

" 1. That the amicable scire facias on which Sallie Lease's judgment is entered is insufficient: (1) For the reason that there is no stipulation in the same that the lien of her judgment should be continued. (2) That there is no seal as to J. W. Moore. (3) That it was signed ' C. G. Moore, J. W. Moore,' and judgment entered thereon, ' Sallie Lease formerly Sallie Heilman v. John W. Moore and Charles G. Moore, partners as J. W. Moore & Co.,' the original judgment note having been signed ' J. W. Moore & Co.,' and judgment so entered thereon, while the note on which said judgment at No. 141 December term, 1890, was entered, was signed ' J. W. Moore & Co.,'

and judgment entered thereon accordingly, and the note on which said judgment at No. 257 December term, 1890, was confessed, was signed ' C. G. Moore, J. W. Moore,' and judgment entered thereon against ' C. G. Moore, surviving himself and J. W. Moore, late partners as J. W. Moore & Co.'

" 2. For the reason that the real estate from which the fund for distribution was derived was converted into personalty by the conveyance of it to the partners as partnership property, and that the execution and levy are of the same effect as if made on actual personal property."

The auditor found that it was not necessary to stipulate in the amicable scire facias that the lien of the judgment should be continued, and that it was not necessary that the agreement should be under seal. He also found, on the authority of Trickett on Liens, § 184, 33 Leg. Int. 358, that there was no irregularity in signing the amicable scire facias, and that judgment entered thereon was a lien upon the partnership property. He accordingly awarded to Sallie Lease the whole amount of her judgment, and the balance of the fund after paying the costs to D. E. Moore.

Plaintiff filed exceptions, alleging that the auditor erred, (1) in deciding that Sallie Lease's judgment was revived so as to make it a lien against the partnership realty ; (2) in not deciding that the revived judgment bound individual property ; (3) in deciding such judgment entitled to share in distribution ; (4) in not deciding that there was a conversion of the realty. Exceptions dismissed by the court, WICKHAM, P. J. Plaintiff appealed.

*Errors assigned* were (1–4) dismissing exceptions, quoting them.

A motion to quash the appeal was made on the ground that appellant had received from the sheriff and receipted for the amount of his award, and that having done so, he could not take an appeal.

*Samuel T. Neill* and *T. M. Henry*, for appellant, cited, on the question of conversion : Moderwell v. Mullison, 21 Pa. 257 ; Erwin's Ap., 39 Pa. 535 ; West Hickory Mining Association v. Reed, 80 Pa. 38 ; Meily v. Wood, 71 Pa. 488 ; Lancaster Bank v. Myley, 13 Pa. 544 ; Titusville Bank's Ap., 83 Pa. 203 ;

Kepler v. Loan Co., 101 Pa. 602; Foster's Ap., 74 Pa. 391; York Bank's Ap., 36 Pa. 458; Ridgway's Ap., 15 Pa. 177; Smith's Ap., 47 Pa. 128; Hamilton's Ap., 103 Pa. 368. On the regularity of the revival of judgment: Irwin v. Nixon, 11 Pa. 426; Grover v. Boon, 124 Pa. 399; Dietrich's Ap., 107 Pa. 174; Grenell v. Sharp, 4 Whart. 344; Worman's Ap., 110 Pa. 25; Lauffer v. Cavett, 87 Pa. 479; Erwin's Ap., 39 Pa. 535.

*E. B. Daugherty*, for appellee, cited, on the motion to quash the appeal: Martin v. Ives, 17 S. & R. 364; Laughlin v. Peebles, 1 P. & W. 114; Smith v. Jack, 2 W. & S. 101. On the question of lien: Grier & Co. v. Hood, 25 Pa. 430; Dickerson & Haven's Ap., 7 Pa. 255; Boal's Ap., 2 Rawle, 37; Ramsey v. Linn, 2 Rawle, 231; Dietrich's Ap., 107 Pa. 174; Dyott's Est., 2 W. & S. 567; Thompson's Ap., 57 Pa. 175; Laufer v. Cavett, 87 Pa. 479.

PER CURIAM. January 3, 1893:

This was an appeal from the decree of the distribution of a fund in the hands of a sheriff, raised on two writs of alias fieri facias. A motion to quash the appeal was filed by the appellee, but as an examination of the case fails to disclose error in the distribution, the motion to quash the appeal need not be considered.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.