JOHN G. TRAFLET, ADMINISTRATOR OF EMIL C. TRAFLET, DECEASED, v. EMPIRE LIFE INSURANCE COMPANY.

Submitted December 9, 1899—Decided February 26, 1900.

1. The deceased, having taken a life insurance policy from the Empire Life Insurance Company, a corporation of the State of New York, payable at the home office of the company, in the city and State of New York, to his executors, administrators or assigns, died at Newark, New Jersey, on April 24th, 1897, being a resident of the city of Newark at the time of his death.   May 1st, 1897, letters of administration were issued to the plaintiff by the surrogate of the county of Essex.   May 10th, 1897, proofs of loss were made out and furnished to the company at its home office in New York, by the plaintiff, and demand made of the payment of the loss under the policy, presenting at the same time a copy of the letters of administration.   September 15th, 1897, Margaret M. Traflet, the widow of the deceased, applied to the surrogate of Westchester county, New York, for letters of administration on his estate, and on the 22d of September, 1897, letters of administration were duly issued.   She then, as administratrix, sued the company on the policy of insurance in the City Court of New York.   Pending that suit the company gave notice to the New Jersey administrator of its pendency and advised him to intervene in that suit.   This was not done, and on October 12th, 1897, judgment by default was entered against the company in the New York suit.   September 30th, 1897, six days after the suit by the New York administratrix was commenced, the New Jersey administrator commenced this suit in the Circuit Court of the county of Essex, New Jersey.   At the trial the defendant relied upon the judgment in the New York court, and the payment of it, as a defence to this suit.   *Held—*

1. That the letters of administration issued by the surrogate in New York having been issued by competent authority in that state, the company in that suit could not challenge the right of the New York administratrix to sue.   With respect to this cause of action in New York, the New York administratrix, and not the administrator appointed in this state, was the legal representative of the deceased.

2. The court in New York and the court in New Jersey having each jurisdiction over the cause of action, the proceedings are subject to the rule that where there is a jurisdiction in two courts, whether they be courts of the same state or courts of different states, the jurisdiction of the court which is first in time will prevail, and a judgment recovered in the court which first acquired jurisdiction may be pleaded in bar to the other suit.

3. The defendant, having given notice to the administrator in this state of the bringing of the New York suit, did all that was neces-

sary. The conflict between the administration in this state and the administration in New York cannot, in this respect, be permitted to prejudice or affect the interests of the defendant.

2. The difference between a special verdict and a special case reserved at *Nisi Prius* is that, under the latter, nothing appears on the record but the general verdict, and the parties are precluded from a writ of error. This defect in the proceeding may be removed by the judge at *Nisi Prius* granting permission for either party to turn such a case into a special verdict, on which a writ of error will lie.

3. In a special case, as in a special verdict, the facts proved at the trial must be stated, and not merely the evidence of the facts. It is not sufficient for the jury to find evidence or circumstances from which the court may fairly infer a fact.

4. The practice upon a special verdict or upon a special case explained.

On case reserved at the Essex Circuit.

This suit is brought upon a policy of insurance. The Empire Life Insurance Company, a corporation created by and having its place of business in the State of New York, issued a life policy to Emil C. Traflet, of Yonkers, New York, dated May 8th, 1896, in the sum of $1,000, payable at the home office of the company, in the city and State of New York. The policy was made payable to the executors, administrators or assigns of the said Emil C. Traflet, the insured.

The act of the State of New York, under which the defendant was organized, provides, among other things, that "the money or other benefit, charity, relief or aid to be paid, provided or rendered by any such corporation, association or society, shall be exempt from execution, and shall not be liable to be seized, taken or appropriated by any legal or equitable process to pay any debt or liability of any member of said corporation designated as the beneficiary thereof."

At the time Traflet took out this policy he was a single man, residing at Yonkers, Westchester county, New York. In June, 1896, Traflet married in Yonkers, New York, and in October, 1896, he removed to Newark, in the county of Essex, where he engaged in business. He died at Newark, April 24th, 1897, and was a resident of the city of Newark

at the time of his death. He died intestate, leaving his widow and a child. His widow stayed in Newark about two weeks, and then returned to Yonkers.

On May 1st, 1897, letters of administration were duly issued to the plaintiff on the estate of Emil C. Traflet, by the surrogate of Essex county, New Jersey, the widow having renounced her right of administration and requested the appointment of the plaintiff as administrator. May 10th, 1897, proofs of loss were made out and furnished to the company, at its home office in New York, by the plaintiff, and demand made of the payment of the loss under the policy, presenting at the same time a copy of the letters of administration to the plaintiff by the surrogate of Essex county. September 15th, 1897, Margaret M. Traflet, the widow, petitioned the surrogate of Westchester county, New York, for letters of administration on the estate of Emil C. Traflet, deceased, alleging that the deceased was a resident of Yonkers, New York, but died in Essex county, and gave bond for $2,000, conditioned to obey all lawful decrees, and letters of administration were duly issued to her September 22d, 1897. September 24th, 1897, Margaret M. Traflet, administratrix as aforesaid, sued the company on the policy of insurance, in the City Court of New York, in the State of New York. Pending that suit the company gave notice to the New Jersey administrator of its pendency, and advised him to intervene in that suit as the law or practice of the New York courts permitted him to do, and offered counsel of the plaintiff to pay the amount of the policy if a suitable bond was furnished. This was not done, and on the 12th of October, 1897, judgment by default was entered against the company in the New York suit. September 30th, 1897, six days after the suit by the New York administratrix was commenced against the company, the New Jersey administrator commenced this suit in this court.

The action in the Supreme Court of this state was tried at the Essex Circuit, on April 20th, 1898. At the trial the defendant relied upon the judgment in the New York courts

and the payment of it as a defence to this suit. The court directed a verdict for the plaintiff, subject to the opinion of this court on a case reserved.

For the plaintiff, *George M. Titus.*

For the defendant, *Anderson Price,* and *Andrew J. Shipman* (of New York).

The opinion of the court was delivered by

DEPUE, J.   The policy of insurance was a contract made in the State of New York. The amount due on this policy was, at the time of the death of the deceased, an asset of his estate in the State of New York. The letters of administration issued by the surrogate in New York were duly issued. Whether they are considered as original letters of administration or administration ancillary to the primary administration in this state is of no importance. Having been issued by competent authority in that state, the defendant could not challenge the right of the New York administratrix to sue. The New York administratrix, with respect to this cause of action in New York, was the legal representative of the deceased and not the administrator appointed in this state.

The contention on the part of the company is that the payment in satisfaction of this policy in New York is a complete bar to any subsequent suit in this state.

If the deceased had his domicile in this state, any personal estate of which he died possessed would be distributed under the laws of this state, but with respect to assets which were to be collected in another state, letters of administration granted by the courts of this state would be of no avail. To sue for and reduce into possession assets in another jurisdiction letters of administration in that jurisdiction were necessary, although the assets, when collected, would be transmitted to the administrator in this state, to be distributed under our laws.

The New York courts had, unquestionably, jurisdiction of

the suit that was brought against the defendant to recover this money, and the suit brought by the New York administrator was first in point of time. The subsequent suit by the administrator in this state was also, in all respects, regular. Process having been served on the defendant in this state, the court in which this suit was brought had jurisdiction of this cause of action.

The court in New York and the court in New Jersey having each jurisdiction over the same cause of action, these proceedings are subject to the well-settled rule in judicial proceedings that where there is a jurisdiction in two courts, whether they be courts of the same state or courts of different states, the jurisdiction of the court which is first in time will prevail. The pendency of a suit in a foreign state cannot be pleaded in abatement to a subsequent suit for the same cause of action in a court of this state, the remedy being by an application for a stay. *Kerr* v. *Willetts,* 19 *Vroom* 78. But when the suit in another state has proceeded to final judgment, the judgment may be pleaded in bar. *Barnes & Drake* v. *Gibbs,* 2 *Id.* 317, is directly in point. The plaintiffs in that case, on the 12th of July, 1864, brought suit against the defendant in the Supreme Court of New York to collect certain moneys alleged to be due them. After the commencement of the suit in New York—namely, on the 20th of October, 1864—the plaintiffs brought suit against the defendant for the same debt in the Circuit Court of the county of Essex. Judgment was entered in the New York suit in favor of the plaintiffs on the 24th of January, 1865. The defendants pleaded in bar to the suit in this state the judgment recovered in New York, and that plea was sustained by this court. The situation of the parties in the case just cited is, in all material respects, the same as the situation in the present case, and, controlled by that precedent, conclusive effect must be given to the judgment in New York as a merger of the cause of action, which is common to both suits. The decisions of the courts of New York are to the same effect. In *Sulz* v. *M. R. F. L. Association,*

145 *N. Y.* 563, it was held that a suit pending by a foreign administrator, who has first duly commenced an action upon a policy of insurance upon the life of the deceased by service of process as prescribed by the laws of this state, is a bar to the second action upon the policy in the courts of New York.

It appears that by the practice in New York proceedings by the way of interpleader may be had to settle the rights of conflicting claimants to the same fund. Before the administrator in this state could have assumed the *status* of a claimant it would have been necessary that he should have obtained capacity to sue in that court. The defendant, pending the New York suit, notified the administrator in this state of the fact before judgment in that court. Having done this, the defendant did all that was necessary. The conflict between the administration in this state and the administration in New York, owing to the conduct of the widow in inducing the administrator here to take out letters and afterwards taking out letters herself in New York, cannot be permitted to prejudice or affect the interests of the defendant.

If the administration in New York can be regarded as ancillary to the prior administration in this state, and the money in question is required to be distributed under the laws of this state, the remedy of the administrator in this state is to resort to the courts of New York.

This case was heard at the Circuit, and a verdict directed in favor of the plaintiff, subject to the opinion of this court on certain questions of law reserved. The substance of the case appears in the statement that precedes this opinion, and the questions reserved are, in substance, discussed in this opinion. The method of obtaining a review on questions of law by means of a special verdict, or by a verdict generally, subject to the opinion of the court on a special case stated, and the practice also of reserving a single point arising at *Nisi Prius* for the determination of the court *in banc* on a special case, are matters of practice at common law from an early period.

The practice of juries finding special verdicts where any difficult matter of law arose, for the sake of better information and to avoid the danger of an attaint, was recognized in the common law, and is grounded on *Stat. Westm.* 2, 13; *Plowd.* 92; 3 *Bl. Com.* 377. In such cases the jury, by their verdict, state the naked facts as they find them to be proven, and pray the advice of the court thereon, concluding conditionally that if upon the whole matter the court should be of opinion that the plaintiff had cause of action, then they find for the plaintiff; if otherwise, for the defendant. This verdict is entered at length on the record, and afterwards argued and determined in the court at Westminster, from whence the issue came to be tried. 3 *Bl. Com.* 377. After the court has given its opinion, a rule is drawn up for the delivery of the *postea* to the prevailing party, upon which he is immediately entitled to judgment. 2 *Tidd* 905 (1821). In a special case, as in a special verdict, the facts proved at the trial must be stated, and not merely the evidence of the facts. It is not sufficient for the jury to find evidence or circumstances from which the court may fairly infer a fact. 1 *Arch. Pr.* 216; 10 *Bac. Abr.* 312, *tit.* "*Verdict,*" *D.* The practice of the English courts, whereby a Court of Error had power to draw inferences of fact from the facts stated, is derived from the statute of 17 *and* 18 *Vict.*, c. 125, § 32; 7 *Fish. Dig.* 10, 614; *Latter* v. *White, L. R.,* 5 *H. L. Cas.* 578.

The difference between a special verdict and a special case reserved at *Nisi Prius* is that under the latter nothing appears upon the record but the general verdict; and the parties are precluded from a writ of error. This imperfection in the proceeding may be removed by the judge at *Nisi Prius* granting permission for either party to turn such a case into a special verdict, on which a writ of error will lie. *Pray* v. *Jersey City,* 4 *Vroom* 506; 1 *Arch. Pr.* 216; 3 *Bl. Com.* 378.

"It sometimes happens that a point is reserved or saved by the judge at *Nisi Prius,* with liberty to apply to the court for a nonsuit or verdict; in which case the court has been in the habit of considering itself in the situation of the judge at

the time of the objection raised, and a nonsuit or verdict is entered according to their determination, without subjecting the parties to the delay and expense of a new trial." 2 *Tidd* 907. Special cases and cases reserved must be set down on the paper for argument in the main court. *Rules of the Supreme Court* 31, 34. The plaintiff sets down the case and moves the argument, and must affirmatively maintain that he is entitled to judgment on the facts stated, and therefore is entitled to the opening and reply. *Den* v. *Stillwell*, 5 *Halst.* 60; *Den* v. *Demarest*, 1 *Zab.* 525, 530.

The state of the case as presented conforms to the rule with respect to the finding of the facts, but is informal in not stating that leave was reserved to turn the special case into a special verdict. In that respect the judge at *Nisi Prius* will amend the certificate if desired.

Upon the case stated the defendant is entitled to judgment.