## Lepsch v. Barrett, Appellant.

*Practice, C. P.—Parties—Names—Joint stock association of New York—Amendments—Corporation.*

Where a joint stock association of New York is sued under the name of "Adams Express Company," and after a trial on the merits and a verdict for the plaintiff the name of the defendant is amended so as to read "William M. Barratt, President of Adams Express Company," to comply with the New York law, which provides that suits may be maintained against the president of such an association, and thereafter on a second trial, a verdict and judgment is again rendered in favor of the plaintiff, an execution under the judgment may properly issue against the property of the Adams Express Company.

Argued April 30, 1912. Appeal, No. 81, Jan. T., 1912, by defendant, from order of C. P. Elk Co., Oct. T., 1910, No. 26, discharging rule to vacate judgment and stay writ of fi. fa. in case of J. H. Lepsch v. William M. Barrett, President of Adams Express Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit against common carrier for loss of goods. Before HALL, P. J.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dicharging rule to vacate judgment and stay fi. fa., and in permitting the record to be amended.

*A. L. Cole,* with him *T. DeWitt Cuyler, John G. Whitmore* and *John Lewis Evans,* for appellant, cited: McConnell v. Savings Bank, 146 Pa. 79; Pittsburgh v. Eyth, 201 Pa. 341.

*Fred H. Ely,* with him *D. J. Driscoll,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, May 22, 1912:

The plaintiff delivered diamonds to the defendant company for transportation from Ridgway to Philadelphia, and they were lost or stolen in transit. An action in assumpsit was brought against the defendant, describing it as Adams Express Company, and service was had on its local agent at Ridgway, to whom the diamonds had been delivered. The defendant entered a general appearance and filed an affidavit of defense. The case was tried and defended on its merits, and a verdict was rendered in favor of the plaintiff for the value of the diamonds. Subsequently on application of the defendant the court granted a new trial. Pending the motion for a new trial an amendment to the defendant's name was granted so that it was made to read, "William M. Barrett, President of Adams Express Company." The petition for the amendment averred "That the Adams Express Company......is a joint stock association organized and existing under the laws of the state of New York..... ; that under the laws of the said state of New York a suit may be maintained against the president......of such associa-

tion......; that William M. Barrett, of the city of New York, is president of the Adams Express Company, defendant above named." This petition was sworn to and duly served. On the second trial counsel for the defendant withdrew from the case, stating, "We do not represent Mr. Barrett, president of the Adams Express Company, at all in this case and we withdraw from any further participation in the case as the record now stands." A second verdict was rendered for the amount of the plaintiff's claim. After the entry of judgment, execution was issued and the property of the Adams Express Company in Elk county, Pa., was levied upon. Thereupon the express company served notice upon the sheriff of Elk county that the property levied upon belonged to it and not to William M. Barrett, president of Adams Express Company. The sheriff asked for an interpleader and William M. Barrett petitioned the court to vacate the judgment as to him; after hearing, both applications were refused.

In disposing of these matters the court below filed an opinion in which it, inter alia, said: "The Adams Express Company is a joint stock association organized under the laws of the state of New York. Such an association organized under our law could be sued by its corporate title and the Adams Express Company has always been sued by that title in this state...... The joint stock association law of the State of New York (Con. Laws of New York, 1909, Vol. 3, p. 1874, Sec. 4) provides that such association shall file yearly with the secretary of state a certificate stating the names and places of residence of its officers, but there is no provision requiring the names of its stockholders to be filed. Our own laws provide that all foreign joint stock associations shall file annually with the auditor general a statement giving the name and address of its president and treasurer only. See Act of May 8, 1901, Sec. 2, P. L. 150. There is no means, therefore, of knowing who are the individual stockholders of the Adams

Express Company, and we doubt if anyone does know, aside from its own officers. Under these circumstances we are satisfied that the title 'Adams Express Company' was a sufficient designation of the defendant company and that there existed no necessity for amendment. Under the New York Code of Civil Procedure, however, it is provided in Chapter 15, Title 5, Article I, Sec. 1919, that in any case against such an association, in which the plaintiff might maintain an action against all the members of the association jointly or in common, an action may be maintained against the president or treasurer of such association, and Section 1921 provides that in such case a judgment against an officer does not authorize either his arrest or an execution against his property but only against the property of the association. It was for this reason that the amendment in the name of the defendant in this case was made...... It is not denied that the goods levied upon were the goods of the Adams Express Company; the shipment in suit was made by the Adams Express Company, the goods were lost by it, suit was brought against it and service was made upon its authorized agent. William M. Barrett, president of the Adams Express Company, was not sued in his individual capacity as president of this company. The amendment complained of works no change in the actual parties but only a change in their corporate designation...... We are of the opinion that for the purposes of this suit the agents of the 'Adams Express Company' were also the agents of 'William M. Barrett, president of the Adams Express Company.' He is not hurt by these proceedings as no property of his is or can be levied upon by virtue of this execution. The company that did the damage and against whom judgment is rendered is the company whose goods are to be sold and this meets the demand of both law and equity...... We consider it immaterial whether the title of the defendant in this suit is the 'Adams Express Company' or 'William M. Bar-

rett, president of the Adams Express Company'; the result is the same, but if it would make any difference we would permit the plaintiff now to amend, either by withdrawing his former amendment or by such other amendment as may be necessary, for whatever the proper title of the defendant in this case may be service has been regularly made on the authorized agent of such defendant...... Under the facts and circumstances of this case we are satisfied that the claim is mala fides and collusive and, as there are no facts in dispute, it would be idle to grant an issue. There is no dispute here between rival claimants, all parties admit that the goods levied upon are the goods of the Adams Express Company. The claim is that these goods are subject to execution under this judgment and as we concur in this view we regard these proceedings as frivolous."

We agree with the learned court below that there is no merit in the contention of the appellant, and upon the record as presented we are not convinced of any reversible error. The petition of the plaintiff to amend the name of the defendant expressly averred the status of the Adams Express Company as a New York joint stock association; that Barrett was its president, and that under the laws of New York actions were to be brought in the name of and against the president or treasurer of such an association; and upon the trial of the case the laws of New York were proved. It clearly appears from this petition that the purpose was not to sue Barrett personally but simply to name properly the defendant express company. While under our laws joint stock associations may "be sued in their association name" (Act of May 1, 1876, Sec. 3, P. L. 89) and service may be made on an agent (Act of June 10, 1881, Sec. 1, P. L. 115), which was the course pursued in this case, yet since the amendment simply designated the defendant for the purpose of the suit as provided in the law of the state of its origin, we fail to see what harm

was done to either the Adams Express Company or Barrett, its president.

In Dinsmore, President of Adams Express Company, v. Phila. & Reading R. R. Co., 2 W. N. C. 275, this very defendant brought an action in the United States Circuit Court for the Eastern District of Pennsylvania, wherein, for the purposes of the suit, it designated itself in the manner pursued by the plaintiff in the present case; and in Edgeworth v. Wood, 58 N. J. Law 463, the Supreme Court of New Jersey held that an action might be maintained in New Jersey against the United States Express Company, a joint stock association formed under the laws of New York, in the manner prescribed by the laws of the latter state, viz: in the name of its treasurer. McConnell v. Apollo Savings Bank, 146 Pa. 79, cited by the appellant, is readily distinguishable from the present case; there the action was brought against "the Apollo Savings Bank, a corporation, etc."; an amendment was allowed striking out that part of the title which alleged the defendant to be a corporation, and there was nothing upon the record to show in what capacity the bank was sued. Whereas in the case at bar the petition to amend plainly sets forth the fact that the Adams Express Company is a joint stock association organized and existing under the laws of the State of New York.

Despite the fact that counsel for the defendant refused to participate in the trial the cause seems to have been fairly and properly presented to the jury; the assignments of error are overruled and the appeal is dismissed at the cost of the appellant.