# H. Shelansky, Appellant, *v.* A. Weinfeld & Son.

*Contracts—Assumpsit—Service of process—Partnerships—Judgment for want of an affidavit of defense—Petition and rule to strike off judgment—Practice Act of 1915.*

A suit against a partnership in the firm name only, without naming the individual partners, will support a verdict, and judgment, and execution against partnership property.

In an action of assumpsit against a partnership, where it appeared that there was a valid return of personal service upon one of the members of the defendant partnership, together with proof of service of the statement of claim and notice to file an affidavit of defense, judgment entered pursuant to the Practice Act for want of an affidavit of defense will not be disturbed.

Argued October 17, 1923. Appeal, No. 284, Oct. T., 1923, by plaintiff, from order of Municipal Court of Philadelphia, Aug. T., 1923, No. 687, making absolute the rule to strike off judgment, in the case of H. Shelansky v. A. Weinfeld & Son. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for merchandise sold and delivered. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Plaintiff had entered judgment for want of an affidavit of defense in accordance with the Practice Act of 1915 and defendant filed petition for a rule to show cause why the judgment should not be stricken from the records. The court below made this rule absolute. Plaintiff appealed.

*Error assigned* was the action of the court below in making absolute the rule striking off the judgment.

*E. E. Dicker,* for appellant.

*James Yearsley,* and with him *Harry Felix* and *B. A. Illoway,* for appellee.

OPINION BY LINN, J., November 19, 1923:

Appellant complains that his judgment against defendant, described as A. Weinfeld & Son, was stricken off. The court below gave no reason for its action, nor does appellee's brief supply any, though it suggests that a suit against A. Weinfeld & Son names no defendant.

An examination of the record shows that on July 9, 1923, a summons in assumpsit was duly issued and that it was returned by the sheriff: "Served A. Weinfeld and Son, the within named defendants, trading &c., by handing personally July 10th, 1923, a true and attested copy of the within writ, to A. Weinfeld, one of the within named defendant firm, trading &c., at No. 262 S. 2nd Street, in the County of Philadelphia, State of Pennsylvania." That return concludes the parties: Paper Co. v. Coke Co., 267 Pa. 180, 182. On July 26th a statement of claim was filed having endorsed on it a notice to file an affidavit of defense within fifteen days. The record contains proof of service of a copy of the statement of claim and notice to file an affidavit of defense, on defendant "by handing same to him personally......on the 27th day of July, 1923." Though A. Weinfeld was thus served, he neither appeared nor filed an affidavit of defense. On August 13, 1923, judgment was entered against A. Weinfeld & Son for want of an affidavit of defense and damages were assessed.

Thereafter the rule on plaintiff was taken to show cause why the judgment should not be stricken off for "invalidity and irregularity appearing on the face of the record" and was made absolute. An examination of the record shows that action cannot be sustained. There is a valid return of personal service upon A. Weinfeld & Son, defendant, by serving A. Weinfeld, a member of the defendant firm, together with proof of service of a copy of the statement of claim and notice to file an affidavit

of defense, and judgment pursuant to the statute. That judgment is not invalid because defendant was sued by a firm name or without naming the partners, (if there were any) individually. "A suit against a partnership in the firm name only, without naming the individual partners, will support a verdict, and judgment, and execution against partnership property: Seitz v. Buffum, 14 Pa. 69; McDonald v. Simcox, 98 Pa. 619; Moore v. Moore, 153 Pa. 495. But such a judgment will not bind individually a partner not served with process in the action against the firm, nor can execution be issued against him": Tonge v. Item Publishing Co., 244 Pa. 417, 425. See also Justice v. Meeker, 30 Pa. Superior Ct. 207, 210.

The order striking off judgment is reversed and the judgment is reinstated.