## Zwick v. West Park Cleaners & Dyers, Appellants.

Argued October 4, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Oscar Rosenbaum,* for appellant.

No appearances and no printed brief for appellee.

OPINION BY TREXLER, J., January 29, 1930:

The suit was brought before a magistrate against the West Park Cleaners & Dyers. A hearing was had, no one appeared for the defendants and judgment was entered against them. From this an appeal was taken to the common pleas where the name of the defendants was changed from West Park Cleaners & Dyers to West Park Cleaners & Dyers Company. This change should have been made by a petition to amend, but as the defendants in the pleadings disclose that the West Park Cleaners & Dyers Company is a partnership composed of Louis M. Carriat, Nathan M. Bell and Herman Sachs, registered under the Fictitious Name Act, trad-

ing as West Park Cleaners & Dyers, we may consider the matter as if the amendment had been made.

The suit was brought for the recovery of the value of two articles of personal apparel which had been left with the defendants to be cleaned and which were so negligently handled that their value was destroyed. The defendants filed an affidavit raising questions of law which the court decided were not tenable. They then filed another affidavit which practically repeated what was alleged in the first and after this affidavit was held to be insufficient, a judgment was entered against them and they then filed a petition asking leave to file an amended affidavit of defense which contained a repetition of the ones already filed.

We have stated that whatever objection might be made to the record in not originally disclosing the fact whether the defendant was a corporation or a partnership and who composed it, has been overcome by the statement of the defendants in this regard. There is no doubt that the right parties are in court. Objection is made that the plaintiff's statement does not contain an allegation that the sum sought to be recovered is the market value of the goods damaged before the injury was occasioned. It was sufficient in a case such as this merely to allege value, for plaintiff was not confined to market value. See Patterson v. Union Transfer Co., 84 Pa. Superior Ct. 273; 17 C. J. 908. The objection that the statement of the plaintiff is not self-sustaining because it contains lumping charges hardly requires notice. The value of the gown which was ruined is set at $75 and the jacket at $15. We do not see how these items can be regarded as lumping charges.

The court rightly decided that the affidavits of defense were not sufficient to prevent judgment. They abound in mere denials of the averments contained in plaintiff's statement. It is true that three years had

elapsed since the date of the alleged delivery of the goods in question and the defendants claimed that they had been unable to ascertain the correctness of the averments contained in the statement. They should have stated the efforts which were made to that end. The mere lapse of time did not excuse them from answering the plaintiff's averments.

Objection that the judgment entered cannot be indexed is without merit. An execution thereon will be confined to a partnership property and to the served partners: Shelansky v. Weinfeld & Son, 82 Pa. Superior Ct. 180.

We are all of the opinion that the conclusion reached by the lower court is correct. The judgment is affirmed.