## Essex County Court of Common Pleas.

### JOSEPH MARTINEZ, PETITIONER-APPELLANT, v. W. G. FRITZ COMPANY, INCORPORATED, RESPONDENT-APPELLEE.

**Decided May 1, 1933.**

For the petitioner-appellant, *David Roskein*.

For the respondent-appellee, *Edwin Joseph O'Brien*.

HARTSHORNE, C. P. J. The principal question in this case is as to the effect to be given to a previous award to petitioner by the industrial board of New York state, for the same accident here involved. Petitioner was injured in Saratoga, but there was a question of fact as to whether the employment contract arose in New Jersey or in New York, so that the parties press the question of the jurisdiction of the New York and New Jersey authorities.

The accident occurred September 5th, 1930, proceedings were promptly instituted in New York, petitioner appearing there, he was paid compensation concurrently and, on May 12th, 1931, the compensation was ordered paid to date and the case closed out "in full settlement of the claim." Ten days later he filed his New Jersey petition for the same accidental injury. This was dismissed and is now on appeal, the above facts having been proven before the New Jersey bureau.

Certain preliminary questions may be briefly disposed of. In the first place, the fact that the record of the New York industrial board has not been exemplified is waived, but ob-

jection to its consideration is made on the ground that the same was not proven by respondent before the New Jersey bureau until eleven months after the New Jersey bureau had reserved decision. When such record was received, petitioner was at the same time given an opportunity to present further proof, which he did not do. This subsequent reception of evidence by the bureau was clearly within its power, since the deputy commissioner there sat both as court and jury with the right to take additional testimony until decision was rendered.

Not only did petitioner seek his own forum in New York state and receive full compensation there, according to the laws of that state, for the cause of action he now claims, but he took no appeal from the decision of the New York board and the New York statute provides "an award or decision of the board shall be final and conclusive * * * unless reversed or modified on appeal." *New York Laws* 1913, *ch.* 816, *art.* 1, § 23; *Sparduto* v. *New York City Interborough Railway,* 186 *N. Y. A. D.* 80, 145. Petitioner does not attack the jurisdiction of the New York board, nor can he while he retains the fruits of its award. The mere fact that, almost a year after the New York decision, on a belated application to pay a medical bill, the New York board referred to a jurisdictional question then pending in New Jersey in the case (*i. e.,* the present proceedings), cannot affect the finality of the New York decision, particularly since the New York board ordered the medical bill paid by the respondent in New York. No amount or kind of proceedings in New Jersey can affect the finality of the New York judgment *per se,* when standing without appeal.

Obviously, petitioner cannot receive two satisfactions for the same cause of action. Hence, the question of whether or not the New Jersey bureau has jurisdiction is immaterial. Assuming, for the sake of argument, that it has, the objection to its now redetermining the question as to compensability goes deeper than that. The New York judgment proven here constitutes *res adjudicata* here under the full faith and credit clause of the federal constitution, quite re-

gardless of whether the New York proceedings were those of a court of general jurisdiction or a mere statutory tribunal of inferior jurisdiction. *Smith* v. *Swart,* 103 *N. J. L.* 150; 134 *Atl. Rep.* 755; *Amerman* v. *Briggs,* 50 *N. J. L.* 114; 11 *Atl. Rep.* 423. Since such New York judgment has been satisfied, there is a complete bar. *Traflet* v. *Empire Life Insurance Co.,* 64 *N. J. L.* 387; 46 *Atl. Rep.* 204; *Kennealy* v. *Leary,* 67 *N. J. L.* 435; 51 *Atl. Rep.* 475.

Respondent further urges that, at the time the appeal was taken, the statute governing appeals (*Pamph L.* 1932, *ch.* 25, *p.* 38), has just been amended to provide for such appeal to be taken "to the Court of Common Pleas *of the county in which such accident occurred,"* whereas, or at least previous to the one year change during 1931, the appeal was to be had "to the Court of Common Pleas of the county *in which hearing was held."* *Pamph. L.* 1921, *ch.* 229, *p.* 734. At least, as to all accidents occurring since the above amendment, it would now appear that the only way to review the award of the New Jersey bureau on an accident outside the state was by the common law writ of *certiorari.* However, since the accident here occurred prior to such amendment, the nice question arises whether such amendment can validly affect the remedies of the present parties under the provisions of the New Jersey constitution, which are so much more stringent than the similar provisions of the federal constitution. New Jersey constitution, article 4, section 7, paragraph 3; Federal constitution, article 1, section 10, paragraph 1.

Since, in the view of the court, the first ground above mentioned is decisive, it becomes unnecessary to determine this last point.

The petition will accordingly be dismissed.