## Nichol v. Dolan et al.

*H. O. Bechtel* and *Walter Sidoriak*, for plaintiff.
*J. L. N. Chanall*, for defendants.

HOUCK, J., April 29, 1935.—According to the statement of claim, Hugh Dolan, Joseph B. Dolan and Hugh F. Dolan

are copartners, trading under the name of Hugh Dolan and Sons, with their principal place of business in the City of Pottsville, Schuylkill County, and the plaintiff is a resident of Eckley, Pa. On and before October 30, 1931, plaintiff was employed by Hugh Dolan and Sons at Annandale, Hunterdon County, N. J., and, on that date received personal injuries during such employment. Plaintiff filed a petition for compensation with the Workmen's Compensation Bureau of the State of New Jersey. An award, in his favor, was made on December 26, 1933, by a deputy commissioner of compensation. The compensation statute of New Jersey provides that a copy of the judgment of the commissioner or deputy commissioner shall be filed in the office of the clerk of the county in which the hearing was held, "and when so filed, shall have the same effect and may be collected and docketed in the same manner as judgments rendered in causes tried in the court of common pleas." The judgment of the deputy commissioner was filed and docketed in the office of the clerk of Hunterdon County on February 17, 1934. A certified copy of this judgment is attached to the statement of claim. Appended to it is a certificate of a judge of the court of common pleas certifying that the seal affixed to the attestation is the seal of the said court of common pleas and that the attestation is in due form. It is alleged in the statement that said judgment is a final judgment and has not been annulled, reversed or satisfied, and that by virtue of it there is now due and payable to plaintiff $1,713.15. The suit is to recover this amount.

Defendants filed an affidavit of defense raising questions of law, asserting six reasons for entry of judgment in their favor. The first four reasons raise the point that the record on which this suit is based is not such a judgment as is entitled to full faith and credit under the Federal Constitution. The fifth reason is that the record fails to show that defendants, or any of them, were served with process or notice in the New Jersey proceeding. The sixth

reason is that the parties named as individual defendants were not so named in the New Jersey case and that there is no award, judgment or finding of any kind against them to support this present action.

By virtue of the New Jersey statute, the terms of which are pleaded, the judgment of the deputy commissioner, when filed in the office of the county clerk, shall have the same effect as judgments rendered in causes tried in the common pleas. This judgment was filed in the office of the county clerk and the record is authenticated in the manner provided by the act of Congress. Under the New Jersey act, the award, when filed in the office of the county clerk, becomes a judgment. In fact, the act refers to the award itself as a judgment and it goes a step further and provides that when filed it shall have the same effect as a judgment rendered in the common pleas. Consequently, it may not successfully be maintained that this action is not based on a judgment. It cannot be doubted that the compensation proceeding in New Jersey rendered the matters therein determined res adjudicata: Martinez v. W. G. Fritz Co., Inc., 11 N. J. Misc. 399, 165 Atl. 873. Therefore, the judgment rendered in New Jersey is entitled to full faith and credit. As said in the Martinez case, "The New York judgment proven here constitutes *res adjudicata* here under the full faith and credit clause of the federal constitution, quite regardless of whether the New York proceedings were those of a court of general jurisdiction or a mere statutory tribunal of inferior jurisdiction." It has uniformly been held that judgments rendered in workmen's compensation proceedings are entitled to full faith and credit in other States. In Drtina et al. v. Charles Tea Co., 204 Ill. App. 183, an action on an Indiana compensation award brought in Illinois, the court said: "Tested by the laws of Indiana the judgment is valid, and there is no good reason for not according it the same faith and credit in Illinois as if it were a judgment in the ordinary common-law action." This case was affirmed by the Supreme Court

of Illinois: 281 Ill. 259. The same conclusion has been reached by the Supreme Court of the United States; Chicago, Rock Island & Pacific Ry. Co., v. Schendel, Admr., 270 U. S. 611. It follows that the judgment entered in Hunterdon County, N. J., is a valid judgment which is entitled to full faith and credit in Pennsylvania. In other words, the judgment sued upon supports the action.

The claim is made that the record fails to show service on defendants or any of them. This is not the fact. The record itself shows that the matter came on for hearing before a deputy commissioner of compensation and that the respondent was represented by Anthony M. Hauck, Jr., Esq. Defendants argue that the appearance of counsel in a nonjudicial proceeding is not binding. We do not agree with this contention. The compensation tribunal may be nonjudicial but its functions are quasi-judicial at least, and appearance by counsel is just as binding as in a strictly judicial proceeding.

The New Jersey proceeding was between R. Philip Nichol, petitioner, and Hugh Dolan and Sons, respondent. This gives rise to the last question raised by defendants' sixth reason, to wit, whether or not suit on the judgment so entered may be maintained against members of the partnership individually as well as against the partnership itself. On this point, the applicable New Jersey law is not pleaded. Consequently, we must assume that it is the same as the law of Pennsylvania. In Pennsylvania, a suit against a partnership in the firm name only, without naming the individual partners, will support a verdict and judgment and execution against partnership property: Tonge v. Item Publishing Co., 244 Pa. 417, 425; Shelansky v. A. Weinfeld & Son, 82 Pa. Superior Ct. 180. Consequently, there can be no doubt that the action in Pennsylvania on the New Jersey judgment is good as against the partnership. It is also probably good against any partner individually who was served with process. "The liability

of a copartnership is both joint and several. In a suit against a copartnership, service on one of its members is effectual to bind the individual served as also to reach the assets of the copartnership": Radel v. Seib et al., 105 Pa. Superior Ct. 75, 79. See also Zwick v. West Park Cleaners & Dyers, 98 Pa. Superior Ct. 498, where the action was against the partnership only, but the court said (p. 501): "An execution thereon will be confined to a partnership property and to the served partners". Insofar as McConnell v. Apollo Savings Bank, 146 Pa. 79, relied on by defendants, is opposed to these later cases, it must be treated as substantially overruled by them. The conclusion is that we may not say as a matter of law that the action cannot be maintained in its present form, that is, against the individual partners and the partnership. In other words, the judgment is entitled to full faith and credit against those who were served in the New Jersey action: Hanley et al. v. Donoghue, 116 U. S. 1. This does not mean that the individual partners are deprived of the opportunity of defending. They may show that they were not served and did not appear in the New Jersey proceedings, and, if that be shown, the New Jersey judgment will not support an action against them: 15 R. C. L. 933, sec. 410.

For the reasons stated, the statutory demurrer must be overruled. The questions raised by it which depend upon facts may, of course, be raised in an affidavit of defense on the merits.

And now, April 29, 1935, the affidavit of defense raising questions of law is overruled and defendants are allowed 15 days from this date in which to file an affidavit of defense on the merits.

From M. M. Burke, Shenandoah.