## Cartlich Service v. Reber

*J. Manley Robins*, for plaintiff.
*Arthur L. Swartz*, for defendant.

CUMMINGS, J., July 3, 1936.—On February 11, 1936, plaintiff obtained judgment against defendant for $96.80, with interest from February 11, 1936, and costs, before L. Townsend, a justice of the peace of the Borough of Milton, Northumberland County, Pa., by default for want of an appearance and affidavit of defense.

Defendant caused a writ of certiorari to be issued out of the Court of Common Pleas of Northumberland County, commanding the said justice to certify his record full and entire to the court. In obedience to the certiorari, the record of the justice was so certified and filed in the court of common pleas on April 30, 1936.

Defendant filed four exceptions, as follows:

"1. The justice of the peace has no jurisdiction over the person of the defendant in this case for the following reasons, viz:

"(a) no summons was ever served by any constable upon defendant in this case;

"(b) a high constable has no authority in law to serve any summons in any action of assumpsit in which the borough is not a party;

"(c) defendant did not appear before the justice and consequently did not waive any of his legal rights.

"2. There is no legal plaintiff in this case, as the record does not show 'Cartlich Service' to be a natural person, or an artificial person, or any other person.

"3. (a) The alleged statement of claim does not show whether the contract was verbal or written;

"(b) it does not show what the claim of the alleged plaintiff consists of, whether for purchase of chickens,

feed, cows, horses or elephants, and defendant is not required to guess at the meaning thereof;

"(c) the alleged 'probate of account' as filed with the justice of the peace is unintelligible.

"4. The record does not show that M. H. Guernsey, who made the alleged affidavit of claim, was competent so to do and does not disclose any legal authority to make said affidavit."

The transcript returned by the justice of the peace shows that the summons was directed to and served by O. H. Stevenson, High Constable, the said O. H. Stevenson, High Constable, having made the following return:

"Served the within Writ of Summons, together with certified copy of plaintiff's Statement of Claim on February 4, 1936, on the within named defendant by handing a true and attested copy thereof to the defendant personally. So answers, O. H. Stevenson, High Constable."

Under these exceptions is raised the question whether a high constable is such an officer as may serve writs issued by a justice of the peace or alderman.

The Borough Act of April 3, 1851, P. L. 320, section 13, provides that "the high constable shall give bond with surety as required by the corporation; he shall have the power and authority of constables of the several townships in the proper county; he shall serve the notices prescribed by this act, and attest the services of the same by affidavit in writing, signed by him and deposited with the secretary of the corporation."

The Act of May 10, 1878, P. L. 51, provides for the election of a high constable in a borough divided into wards.

The Act of February 14, 1889, P. L. 6, provides that a constable shall be elected in each ward of a borough with several wards, to serve for three years.

Neither of these acts provides that high constables may file a bond or qualify in court, nor do said acts give any authority to such officers to serve writs, as do the

special charters of certain boroughs after the terms of which the general law is framed.

Under the Act of April 3, 1851, P. L. 320, providing "he shall have the power and authority of constables of the several townships in the proper county", we conclude that the legislature intended that he should only have such powers with relation to the discharge of his duties as an executive of the borough. He is not obliged to file a bond or qualify in court. If the legislature had intended that he should be empowered to serve writs of summons and executions, it would have provided for the filing of a bond in court, such as is required to be filed by constables of the respective municipalities of the county. His oath and bond cover only his duties in connection with the affairs of the borough for which he is elected or appointed.

The General Borough Act of May 4, 1927, P. L. 519, does not increase his powers, but revises, amends and consolidates the law relating to boroughs. It is simply a re-enactment of prior legislation insofar as it relates to high constables. The office of high constable is simply part of the borough scheme of government, in the same manner as is that of burgess, the former executing the orders of the latter. A constable is not a borough officer under the law pertaining to boroughs, neither is a high constable a county officer.

In Harbold v. Bailey, 11 Dist. R. 736, it is held that when the legislature created a high constable and gave him the power and authority of constables of the several townships in the proper county, it did not extend his field of activity but defined his duty within his bailiwick. See also Carney v. Luzerne County, 18 D. & C. 624.

We, therefore, hold that O. H. Stevenson, High Constable of the Borough of Milton, exceeded his power and was without authority to serve the summons issued by the justice of the peace, and, therefore, the summons having been illegally served and there being no appearance on the part of defendant, the justice of the peace was without jurisdiction of the defendant.

As to the second exception, the record of the justice of the peace shows plaintiff as "Cartlich Service;" the record is silent as to who Cartlich Service is, whether an individual, a firm or a corporation. The name would indicate a trade name. If a corporation, the record should so state, if a partnership trading under a fictitious or trade name, at least one of the partners should be named. There should be something on the record showing the character of the institution and the names of the persons comprising it, if a partnership or a private business association.

It has been held that a suit against a firm must set out the names of the individuals comprising the firm, and, vice versa, a suit by a firm trading under a fictitious name should set out the names of the persons comprising the firm. See McConnell v. Apollo Savings Bank, 146 Pa. 79; Hoffman v. Faulk & Co., 5 Dist. R. 774.

As to the third exception, the record returned has attached to it an account, with an affidavit of Cartlich Service, by M. H. Guernsey. The account purports to be a copy of a book account. An examination of the account discloses nothing other than dates of years, months, and carried out figures. What the articles were for which this account was made is impossible of ascertainment. Defendant is entitled to know for what plaintiff undertakes to recover. Failure to so advise defendant in the statement filed is in derogation of law, and a judgment founded upon such a statement of claim cannot be sustained.

As to the fourth exception, as before stated, the affidavit to the claim is "Cartlich Service, By M. H. Guernsey." The record is silent as to the identity of M. H. Guernsey, whether he is connected with plaintiff or is an entire stranger. There is nothing in the affidavit showing authorization on the part of M. H. Guernsey to make the affidavit for plaintiff, neither is there anything showing knowledge on the part of M. H. Guernsey of facts, or his acquaintanceship, if any, with the books of the plaintiff, or the correctness of the charges in said statement.

The affidavit says that "the account is correctly copied from their books of original entry, and that the charges therein contained, with their dates, are correct and true as stated." In examining the alleged copy of the account, we see nothing but a bill in which are set out dates and figures.

We are, therefore, of opinion that, inasmuch as defendant did not appear, the justice of the peace should have required plaintiff to prove its case, and, having failed so to do, he was without authority to enter a judgment by default for want of an affidavit of defense. See Wheeling Specialty Co. v. Cage, 13 Just. L. R. 197.

Now to wit, July 3, 1936, all of the exceptions filed are sustained. It is ordered, adjudged and decreed that the judgment by default in favor of plaintiff and against the defendant is irregular and invalid, the same is set aside and judgment is directed to be entered against the plaintiff for costs of this certiorari, as provided by the Act of May 11, 1901, P. L. 164. An exception is noted and bill sealed for the plaintiff.