## Sumner, Admx., v. J. & J. Coal & Trucking Co.

*Leo A. Achterman,* for plaintiff.
*Christie D. Shull,* for defendant.

DAVIS, P. J., December 4, 1945.—This matter comes before the court on a rule to show cause why service of summons and statement of claim should not be set aside and also on a rule to show cause why plaintiff's statement of claim should not be amended. The facts are: On June 4, 1945, plaintiff brought her action in trespass against the J. & J. Coal and Trucking Co., a corporation organized and existing under the laws of

the State of New Jersey, with its principal place of business at 126-132 Midland Avenue, Garfield, New Jersey, for the wrongful death of Fay Sumner on June 30, 1944. The sheriff served the summons and statement, in accordance with the rules of civil procedure, by sending by registered mail, return receipt requested, a copy of each to the Secretary of the Commonwealth and also by sending by registered mail, return receipt requested, a copy of said summons and statement with endorsement of service on said Secretary of the Commonwealth, to J. & J. Coal and Trucking Co., 126-132 Midland Avenue, Garfield, New Jersey. The return receipt shows the said papers were received by the J. & J. Coal Co.—Mrs. M. Alia, Agent.

Defendant's petition to set aside service of summons and statement sets forth that Joseph Lano and Joseph Alia are engaged in the coal business as partners trading under the firm name of the J. & J. Trucking Co., with their place of business at 126-132 Midland Avenue, Garfield, New Jersey. Plaintiff asks to amend her statement by striking out the word "Coal" in the name of defendant as it appears in the caption, so that it will read "J. & J. Trucking Co., 126-132 Midland Avenue, Garfield, New Jersey" instead of "J. & J. Coal and Trucking Co., etc." and by striking from paragraph two of the Statement "J. & J. Coal and Trucking Co. is a Corporation" and inserting in lieu thereof "J. & J. Trucking Co., a partnership."

Death having occurred on June 30, 1944, the statute of limitations has run.

The rule of law relating to amendment is well defined and clear. It is concisely expressed in Wright v. Eureka Tempered Copper Co., 206 Pa. 274, at page 276, as follows:

"Statutes of amendment are liberally construed to give effect to their clearly defined intent to prevent a defeat of justice through a mere mistake as to parties or the form of action. Amendments, however, will not

be allowed to the prejudice of the other party, where the statute of limitations has run, by introducing a new cause of action or bringing in a new party, or changing the capacity in which he is sued: Trego v. Lewis, 58 Pa. 463; Commonwealth ex rel. v. Dillon, 81* Pa. 41; Grier v. Northern Assurance Co., 183 Pa. 334; Peterson v. Delaware River Ferry Co., 190 Pa. 364; Garmon v. Glass, 197 Pa. 101. A party whose name it is asked to amend must be in court. If the effect of the amendment will be to correct the name under which the right party was sued, it should be allowed; if its effect will be to bring a new party on the record, it should be refused after the running of the statute of limitations."

The application of the rule of law to the facts in the present case is not easy. If plaintiff moved to amend by bringing into the record Joseph Lano and Joseph Alia as partners, trading as J. & J. Trucking Co., the amendment could not be allowed for the reason that new parties would be brought into the record: Girardi v. Laquin Lumber Company, 232 Pa. 1. Prior to the adoption of the new procedural rules no action could be brought against a partnership in its firm name alone, for in such action there is no defendant which the law recognizes as a suable entity: McConnell v. Apollo Savings Bank, 146 Pa. 79; Brightman Manufacturing Co. v. Taylor & Co., 3 D. & C. 292. However, the new procedural rules provide that an action may be brought against a partnership in its firm name, and any judgment obtained thereon will support an execution upon partnership property only. The rules are as follows: Rule 2128(a), Rule 2132(a).

Therefore, it would appear that originally an action could have been brought against J. & J. Trucking Co., a partnership. The question is: Was the action brought against the J. & J. Trucking Co., a partnership, but erroneously designated J. & J. Coal and Trucking Co., a corporation? Is the J. & J. Trucking Co. in court?

Defendant admits the J. & J. Trucking Co., a partnership, received the sheriff's notice and a copy of summons and statement of claim. The registered mail return receipt shows the said papers were received by "J. & J. Coal Co." This would indicate that although the proper name is J. & J. Trucking Co., defendant also uses the name J. & J. Coal Co. Especially, in view of the fact that defendant uses both the name J. & J. Trucking Co. and J. & J. Coal Co., the amending of the name of defendant from J. & J. Coal and Trucking Co. to J. & J. Trucking Co. would constitute, in our opinion, a correction of name rather than the addition of a new party.

Does the amendment designating the company a partnership instead of a corporation bring in a new party? The property of the partnership and one of the partners were involved in the accident out of which this action arose. The partnership actually received notice of the issuance of the summons and the filing of the statement of claim. It does not seem reasonable that the partnership could have been misled by the use of the word "corporation" instead of "partnership." In McGinnis v. The Valvoline Oil Works, Ltd., 251 Pa. 407, an action was brought against Valvoline Oil Works, Limited, a corporation. Plaintiff was allowed to amend by striking from the name the words, "a corporation," and adding in their stead, "a partnership association." The Court said:

". . . it is not at all likely that anyone interested could reasonably have been misled by the insertion of the word 'corporation' after the word 'limited' in the title of the defendant. The plaintiff did not sue the wrong party; he simply made a mistake in stating the name of his employer, and this he had a right to correct."

We have found no case nor has any case been cited to us wherein the precise question involved has been passed on by any court since the adoption of the pro-

cedural rules quoted above. As we see it, the suggested amendments do not introduce a new cause of action, a new party, or change the capacity in which the defendant was sued. Therefore, we enter the following decree:

And now, December 4, 1945, the rule to show cause why service of summons and statement of claim should not be set aside is dismissed; the rule to show cause why statement of claim should not be amended is made absolute and amendments allowed as prayed for, the costs in both cases to follow the action.