## Paulish, Appellant, *v.* Bakaitis.

Argued September 30, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Sanford S. Finder,* for appellant.

*James L. Jack, Jr.* and *Joseph N. Mack,* for appellees.

OPINION BY MR. JUSTICE POMEROY, March 18, 1971:

This case is a study in dilatoriness in the handling of a personal injury suit. The chronology is set forth in the margin,[1] but a narrative recital of the course of

---

[1] The chronology of the case, largely excerpted from the docket entries and pleadings, is as follows:

| | |
|---|---|
| June 18, 1962 | Date of alleged accident. |
| June 10, 1964 | Suit commenced by praecipe for summons. |
| June 18, 1964 | Expiration of statute of limitations. |
| August 19, 1964 | Return of service filed. |
| June 15, 1965 | Complaint in trespass filed. |
| Oct. 25, 1965 | Answer containing new matter filed on behalf of defendant Bakaitis, endorsed with notice to plead. |
| Nov. 30, 1965 | Answer containing new matter filed on behalf of defendant Bart Bertocci, Inc., not endorsed with notice to plead. |
| April 29, 1966 | Duplicate answer containing new matter filed on behalf of Bart Bertocci, Inc., endorsed with notice to plead. |
| May 25, 1967 | Motion for judgment on the pleadings filed by defendant Bart Bertocci, Inc. |
| June 16, 1967 | Replies of plaintiff filed to new matter of both defendants. |
| July 3, 1967 | Petition to amend caption filed by plaintiff. |
| July 7, 1967 | Preliminary objections to reply in nature of a motion to strike filed by defendant Bakaitis. |
| July 21, 1967 | Preliminary objections to reply in nature of a motion to strike filed by defendant Bart Bertocci, Inc. |
| Sept. 12, 1967 | Answer of defendant Bart Bertocci, Inc. to petition to amend caption filed. |
| Dec. 16, 1968 | Opinion and order of court filed and judgment entered in favor of defendants on the pleadings. |

events is also necessary to an understanding of the issues.

Two years lacking one week following an automobile accident which occurred in June, 1962 and in which plaintiff-appellant was injured, suit was commenced against the two defendants, appellees herein, by the filing of a praecipe for summons in trespass. The writ issued and a return of service was made. A year and five days after commencement of the action, in June, 1965, plaintiff's complaint was filed alleging negligence on the part of defendant Mary Bakaitis in the driving of the automobile in which plaintiff had been a guest passenger, and negligence on the part of Bart Bertocci, Inc., a contractor doing construction work in a public highway at the point of accident, for failure to give warning and erect a proper barricade at the work site.

Defendants filed separate answers, Bakaitis in October, 1965, and Bertocci in November, 1965 (their time to plead having been extended by stipulation). Bakaitis' answer denied liability generally and under new matter pleaded a release, a copy of which was attached to the answer, given by plaintiff to Bakaitis before suit was brought. The answer of Bart Bertocci, Inc. likewise denied liability generally and under new matter pleaded the Bakaitis release as also releasing Bertocci. In addition, Bart Bertocci, Inc., alleged under new matter that there was no corporation known as "Bart Bertocci, Inc."; that at the time of the occurrence there was a partnership known as Bertocci Construction Company which was engaged in highway construction at the location indicated; that this partnership had been succeeded in May, 1963, before suit was brought, by a corporation known as Bertocci Contractors, Inc. The answers were endorsed with a notice to reply to the new matter.[2]

---

[2] Bertocci's original answer was not so endorsed, but this was cured five months later, in April, 1966, by the filing of a new plead-

In May, 1967, after a lapse of 18 months in which no action was taken in the case by anyone, a motion was filed on behalf of the named defendant, Bertocci, for judgment on the pleadings pursuant to Pennsylvania Rule of Civil Procedure 1034.[3] The two grounds for the motion were the same as those advanced in the answer and undenied by any reply, viz., that the general release to Bakaitis likewise exonerated Bertocci, and that the named defendant was nonexistent. No similar motion was filed on behalf of Bakaitis.

Presumably prompted by the motion for judgment, but before it was heard or disposed of, plaintiff in June, 1967, filed a reply to the new matter in each answer, asserting that the release was obtained by fraud and that in any event it was not a general release such as would release Bertocci as an alleged joint tortfeasor, and that plaintiff had been advised she was not releasing Bertocci. Defendants filed preliminary objections in the nature of motions to strike the replies for untimeliness.

No reply was made by plaintiff to the charge that she had sued the wrong party in bringing suit against Bart Bertocci, Inc., but in July, 1967 plaintiff petitioned to amend the caption of the complaint "to show that the defendant is Bertocci Construction Company, a partnership." Two months later (the delay being consented to) Bertocci filed an answer to this petition, stating that the issue as to whether the caption was amendable as to the defendant contractor had been raised in the undisposed of motion for judgment, and that the petition should be dismissed.

---

ing properly endorsed with a notice to reply. This answer was served on counsel for plaintiff.

[3] The more appropriate motion would appear to have been one for judgment for want of a reply (resulting in admission of the new matter allegations) under Rule 1037(c).

The matters raised by the various pleadings were apparently argued at one time before the lower court, which in December, 1968, entered the order appealed from. The order was as follows: "AND NOW, December 16, 1968, the petition to amend the caption is refused. The reply filed by the plaintiff in this matter is stricken because of the time elapsing between the filing of an answer and the filing of the reply. Judgment is therefore entered in favor of the defendants on the pleadings."

The Superior Court affirmed *per curiam,* without opinion. We granted allocatur, and now reverse.

Three principal issues are raised on this appeal: 1. Under the circumstances of this case, may the plaintiff amend the caption of the case after the expiration of the statute of limitations so as to name the Bertocci partnership rather than Bart Bertocci, Inc. as one of the defendants? 2. Under the circumstances of this case, did the lower court err in refusing to allow plaintiff to file replies to new matter? 3. Did the lower court correctly enter judgment on the pleadings for the defendants, in one instance *sua sponte?*

1. We deal first with the motion to amend the caption. The lower court's refusal to allow the amendment was on the ground that it could not be done after the expiration of the statute of limitations, and this is the point chiefly argued on appeal.[4] We therefore

---

[4] The motion to amend was filed one year and seven months after the first filing of defendant Bertocci's answer which gave full information as to the history of the Bertocci Construction firm, and more than three years after the expiration of the statute of limitations. It was filed, moreover, after a motion for judgment on the pleadings had been filed on behalf of Bertocci, Inc., one of the grounds of which was that Bertocci, Inc. was a nonexistent entity. We cannot and do not condone such delay, but believe that it alone should not be dispositive of the issue. See Pennsylvania Rule of Civil Procedure 1033; *Schaffer v. Larzelere,* 410 Pa. 402,

address ourselves to it.[5]

The question before us was succinctly put by Mr. Justice (later Chief Justice) STERN for the Court in the similar case of *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A. 2d 73 (1947) : ·". . . whether the right party was sued but under a wrong designation, or whether a wrong person was sued and the amendment was designed to substitute another and distinct party." Amendment after the period of limitations is permissible in the former situation; in the latter it is not. *Gozdonovic* also supplies the answer to the question in the instant case, for the facts were basically the same : a defendant first sued as "Pleasant Hills Realty Company, a corporation;" thereafter, upon discovery that the company was not a corporation but a partnership, amendment allowed to describe it as such. After stating the question as above, the opinion of this Court continues: "It is to be noted that plaintiff did not attempt to bring in as defendants the individual members of the partnership; this clearly would not have been permissible (Girardi v. Laquin Lumber Co., 232 Pa. 1, 81 A. 63). The defendant newly named under the amendment was merely the partnership *entity*. It is always permissible to prosecute an action against a partnership in its firm name instead of against the individuals trading as the partnership: Pa. R.C.P. 2128(a) ; see also Pa. R.C.P. 2132(a) ; in such case the judgment obtained does not impose liability upon the individual partners nor permit of execution being is-

---

406, 189 A. 2d 267, 270 (1963) ; *Bell v. Shetrom*, 214 Pa. Superior Ct. 309, 257 A. 2d 323 (1969).

[5] As the answer of Bertocci, Inc. disclosed, the enterprise was at the time of the occurrence a partnership (Bertocci Construction Company) but by the time of suit had become a corporation (Bertocci Contractors, Inc.). It is not clear why the motion to amend sought to name the partnership rather than the successor corporation by its correct name.

sued against their individual property: Tonge v. Item Publishing Co., 244 Pa. 417, 425, 91 A. 229, 231, 232; Shelansky v. Weinfeld & Son, 82 Pa. Superior Ct. 180, 182. The amendment as allowed, therefore, did not substitute any new parties upon whom liability could be imposed; the action was still directed against the entity which was Kartub's employer, and the designation of that entity could properly be changed from that of corporation to partnership: McGinnis v. Valvoline Oil Works, 251 Pa. 407, 96 A. 1038; 121 A.L.R. 1329 et seq." 357 Pa. 23, at 29, 30.

The principle of *Gozdonovic* has been consistently followed: *Powell v. Sutliff*, 410 Pa. 436, 189 A. 2d 864 (1963), allowing a post-statute of limitations amendment of caption from partnership to corporation; *Waugh v. Steelton Taxicab Company*, 371 Pa. 436, 89 A. 2d 527 (1952), disallowing a post-statute of limitations amendment from company to individual; *Saracina v. Cotoia*, 417 Pa. 80, 208 A. 2d 764 (1965) disallowing similar amendment from one individual (owner of a vehicle) to his son (driver of the vehicle).

Since from the record it is clear that the same Bertocci business enterprise was involved throughout, there is here no substitution of parties, but the correction of the designation under which the right party was originally sued. The amendment should have been allowed.

2. We consider next the refusal of the court to allow the filing of the replies (or, more precisely, the court's granting of the motions to strike the replies). Pa. R.C.P. 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed "if the opposite party is not prejudiced and justice requires. *Much must be left to the discretion of the lower court.*" *Fisher v. Hill*, 368 Pa. 53, 81 A. 2d 860 (1951). (Em-

phasis added.) In our view the lower court in the present case cannot be said to have abused its discretion. In the case of Bakaitis, the reply came a year and seven months after the answer; in the case of Bertocci, 13 1/2 months after the duplicate answer (with notice to plead). A motion for judgment on the pleadings had already been filed by one defendant. No excuse for delay of such extraordinary duration is apparent from the record or offered in appellant's brief. It is not enough for appellant now to argue that defendants have not shown prejudice; the interests of expeditious and efficient administration of justice by reasonable adherence to the rules of court were adequate grounds for the lower court's refusal to grant an indulgence of such magnitude in this case. See *Fisher v. Hill, supra,* at 56-57.[6]

3. There remains for consideration the situation following the striking of the replies. The court then had before it the undisposed of motion of Bertocci for judgment on the pleadings. One of the grounds for this was the nonexistence of the corporation named as defendant, which, as above indicated, will be eliminated by the amendment of the caption. The other ground is the release given by plaintiff to defendant Bakaitis. There is no discussion in the court's opinion as to the release defense, and it is unclear whether and to what extent the court's entry of judgment on the pleadings was based on one or both of the grounds in the motion. It is similarly unclear on what basis the court entered judgment for defendant Bakaitis, who had filed no motion for judgment, perhaps in the mistaken thought that her co-defendants' motion would automatically extend

---

6 See and compare *Jeffries v. Harriger,* 28 Beav. Co. L.J. 147 (1967) ; *Roman v. Alizauskas,* 54 Luz. L. Reg. 169 (1964) ; *Gelzhiser v. Fisher,* 43 West. L.J. 219 (1960) ; *Commercial Credit Corp. v. Mangifest,* 41 West. L.J. 69 (1958) ; *Hann v. Ellis Land Co.,* 105 P.L.J. 81 (1955) ; *Waschko v. Waschko,* 45 Luz. L. Reg. 191 (1955).

to her. A court is without power under either Rule 1037(c) or Rule 1034 to enter judgment on its own motion. See, Goodrich-Amram Procedural Rules Service, §1037(c)-1, commentary, p. 261.

The judgments in favor of the defendants are reversed and the case is remanded for allowance of plaintiff's motion to amend the caption, for further disposition of defendant Bertocci's motion for judgment on the pleadings and for such further proceedings as may be appropriate with regard to defendant Bakaitis.

Mr. Justice COHEN took no part in the decision of this case.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

The almost unbelievable delays in this case are a disgrace to the parties, particularly the plaintiff and her attorney. They make a mockery of the expeditious and efficient administration of Justice which nearly everyone is "shouting" for today.

I would affirm the judgment for the defendants which was entered by the Court below.