## Bueamith Electronics, Inc. v. Guise

*John W. Phillips,* for plaintiff.
*Ronald J. Hagarman,* for defendant.

MACPHAIL, P. J., November 19, 1973.—In this action, plaintiff filed a complaint in replevin without bond to recover certain personal property alleged to be in the possession of defendant. Defendant has filed an answer with counterclaim. Plaintiff filed preliminary objections in the nature of a motion to strike the answer and counterclaim, and a demurrer to the

answer. The preliminary objections are now before us for disposition.

Plaintiff claims that the counterclaim is in violation of Pennsylvania Rule of Civil Procedure 1082(a) which provides that a claim secured *by a lien* on the property sought to be replevied may be set forth as a counterclaim. The rule also provides that no other counterclaim may be asserted in an action of replevin. Defendant contends that he has a claim secured by a lien on the property. The issue is whether, accepting as true all defendant's allegations, he does, in fact, have a claim secured by a lien on the subject property.

Precisely the same issue is presented by the demurrer. In his answer, defendant admits having some but not all of the subject property and he admits that the property in his possession belongs to plaintiff. However, he says he has a possessory lien with respect to the property. As we said previously, the issue again is whether or not defendant has a lien on the subject property.

In Counts v. Britt and Hanks, 12 Adams 139 (1971), we held, in sustaining defendants' demurrer to plaintiff's complaint in replevin, that liens on personal property may be created by express agreement between the parties, by statute, by implication, or by common law. Defendant contends that his lien arises by virtue of the fact that he was employed as an agent of plaintiff and that the subject property came into his possession in the course of his employment, from which he says he was never formally discharged. "[C]ertain classes of agents, under some circumstances, have a lien upon the principal's property which comes into their hands in the course of the agency": 1 P.L.Encyc. 539 §83. However, this is a far cry from saying that simply by virtue of an agency relationship the agent has a possessory lien on his

principal's property. Well known examples of agents having such liens would be attorneys, factors and insurance agents. However, unless the law gives the agent such a lien, it does not exist by virtue of the agency relationship alone.

From the well-pleaded facts in the case before us, we ascertain that defendant was employed by plaintiff as a salesman. In the course of his employment, defendant was given personal property to use as samples or to sell it where the circumstances were appropriate to do so. Defendant alleges no agreement between himself and plaintiff by the terms of which he was to have a possessory lien on the property entrusted to his custody. He cites no statutory authority by which the right to a possessory lien was conferred. There is no common-law theory to support the lien and there are no facts pleaded from which the right to a lien could be implied. Defendant, as we noted, relies upon the general rule that certain agents under certain circumstances do have a lien on their principal's property. Thus, where an agent makes disbursements or performs labor for the benefit of his principal's property, he has a possessory lien on that property until he has been paid: Spring Garden v. Blight, 1 Phila. 553 (1855). The Spring Garden case is a good example of what the rule means. In that case, the agent of an estate paid a judgment entered against that estate to prevent adverse action against real estate he was managing for the estate. He then asserted the judgment against his principal to obtain reimbursement for the money he advanced to protect the real estate. The court held that the agent had a lien which he could hold as security for repayment but refused to give him the right to sue for reimbursement by reason of his lien. The court said, at page 554: "There is nothing in the evidence before us to show that Mr.

Ewing had any other than the legitimate end in view of benefitting his *principal* with safety to himself." (Italics supplied.) The case before us now is patently different in factual content. There is no allegation of benefit to the plaintiff's property by reason of the defendant's actions.

Therefore, we conclude that the counterclaim asserted by defendant is barred by Pa. R. C. P. 1082(a) since it is not secured by a lien on the subject property.

The demurrer as to the answer presents a problem because defendant denies possession of certain property which plaintiff claims he has in his possession. To the extent that possession is denied, the answer is legally sufficient. The demurrer replaced the motion for judgment for want of an affidavit of defense: 4 Standard Pa. Pract. §17. There is an insufficient defense averred by defendant with respect to the items in his possession; but as we noted, as to the other items he has asserted a valid defense. Under the circumstances, it seems that a motion for judgment on the pleadings with respect to the items admitted to be in defendant's possession would be in order. Accordingly, we will overrule the demurrer without prejudice to plaintiff's right to judgment on the pleadings. This will give us the opportunity to enter "such judgment or order as shall be proper": Pa. R.C.P. 1034(b). We may not enter such judgment on our own motion: Paulish v. Bakaitis, 442 Pa. 434 (1971).

## ORDER OF COURT

And now, November 19, 1973, plaintiff's motion to strike the counterclaim is granted. Plaintiff's motion to strike the answer and the demurrer to the answer are refused without prejudice to plaintiff's right to file a motion for judgment on the pleadings.