**Reddy v. Glasgow Construction Company, Inc.**

*Stephen M. Feldman* and *Michael L. Murphy,* for plaintiff.

*G. Wayne Renneisen* and *George J. McConchie,* for defendants.

BLOOM, J., August 5, 1974.—On December 3, 1973, plaintiff filed a complaint in trespass/assumpsit seeking damages for permanent personal injuries he sustained on June 17, 1973, when the motorcycle he was driving struck an alleged defect on the Media By-Pass, a State highway in Delaware County. It is alleged that defendant, Glasgow Construction Company, was the general contractor engaged by the Commonwealth to construct the highway and defendant, Trans-Materials Company, was the alleged supplier of the concrete used in the construction of the highway. The complaint further alleges that the defect which caused the accident resulted from various acts of negligence on the part of defendants in mixing the concrete and constructing the highway and/or the defect resulted from breaches of implied warranties by defendants. The complaint alleges that the highway was completed in June 1961.

Both defendants filed answers to the complaint wherein they pleaded that they had no knowledge as to when the construction of the subject highway was completed. Both defendants also filed new matter alleging that plaintiff's action against them was barred by the Act of December 22, 1965, P. L. 1183, 12 PS §65.1, which provides as follows:

"§65.1 Twelve years

"No action (including arbitration proceedings) whether in contract, in tort or otherwise, to recover damages:

"(1) For any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,

"(2) For injury to property, real or personal, arising out of any such deficiency,

"(3) For injury to the person or for wrongful death arising out of any such deficiency, or

"(4) For contribution or indemnity for damages sustained on account of any injury mentioned in clauses (2) and (3) hereof shall be brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of such improvement more than twelve years after completion of such an improvement. 1965, Dec. 22, P. L. 1183, §1."

"§65.2 Injury, twelfth year after improvement completed

"Notwithstanding the provisions of section 1 of this act, in the case of such an injury to property or the person, or such an injury causing wrongful death, which injury occurred during the twelfth year after such completion, an action in tort to recover damages for such an injury or wrongful death may be brought within two years after the date on which such injury occurred: Provided, That in the case of wrongful death, such action shall also be brought within one year of the date of death. In no event, however, may any of such actions be brought more than fourteen years after the completion of construction of such an improvement. 1965, Dec. 22, P. L. 1183, §2."

Plaintiff then filed a preliminary objection, motion to strike defendants' new matter on the basis that the Act of December 22, 1965, P. L. 1183, is unconstitutional in light of the Pennsylvania and Federal Constitutions. This opinion is written in disposition of plaintiff's preliminary objections.

A preliminary objection in the nature of a motion to strike a pleading will be granted where the defect is material, cannot be cured by amendment and only in a clear case: Mulholland v. Pittsburgh National Bank, 405 Pa. 268, 174 A. 2d 861; Paulish v. Bakaitas, 442 Pa. 434, 275 A. 2d 318.

In the case before us, it is not known specifically when the construction of the highway was completed. Therefore, it is not known if section 1 of the act can be employed to bar the plaintiff's action or whether section 2 of the act would serve to save plaintiff's action. At this point, it is not necessary nor appropriate for this court to consider the constitutionality of the statute in question.

Therefore, we enter the following

## ORDER

And now, to wit, August 5, 1974, after consideration of arguments and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that plaintiff's preliminary objection in the nature of a motion to strike new matter as against both defendants is dismissed.