## Hauck Estate

*Robert C. Spitzer, Albert Z. Bogert, Richard C. Snelbaker* and *Richard E. Morgan,* for appellants.
*Joseph M. Farrell, Assistant Attorney General,* for Commonwealth.

WEIDNER, *J.*, January 13, 1976—In March of 1975, the Pennsylvania Department of Revenue filed an appraisement against the Commonwealth National Bank, as successor executor and trustee of the Hauck estate, for inheritance tax on certain remainder distributions. The bank filed a petition in the nature of an appeal in the Orphans' Court, which issued a citation to the Department of Revenue to file an answer to the petition, returnable 20 days after service. Service was made on August 5, 1975, was temporarily misplaced by the Department of Revenue during a reorganization, and an answer subsequently filed on September 5, 1975, accompanied by the petition for an extension of time that is the subject of this discussion.

Rule 1 of section 3 of the Pennsylvania Supreme Court's Orphans' Court Rules states that, unless otherwise provided by the Supreme Court or an Act of Assembly or the local Orphans' Court, pleadings and practice in the Orphans' Court shall conform to equity practice. Rule 31 of the Local Rules of the Orphans' Court of Cumberland County reiterates this rule. Pa.R.C.P. 1501 provides for the applica-

tion of the assumpsit procedural rules to actions in equity. Finally, Pa.R.C.P. 1003 authorizes the court, on cause shown, to extend the time for the filing of pleadings.

In applying Rule 1003, the courts have granted extensions of time where no prejudice would result to the opposing party and justice required the extension: Paulish v. Bakaitis, 442 Pa. 434, 275 A. 2d 318 (1971); Fisher v. Hill, 368 Pa. 53, 81 A. 2d 860 (1951).

Pa.R.C.P. 1026, which states that responses to pleadings shall be filed within 20 days, has been viewed as permissive rather than mandatory: Paulish v. Bakaitis, supra. The similar language of Rule 32(a) of the Local Rules of the Orphans' Court of Cumberland County, requiring answers to petitions within 20 days, should be viewed the same way. The discretion of the trial court in granting extensions of time for the filing of pleadings is necessarily broad: Fisher v. Hill, supra. A technical defect or error in procedure will be ignored where the substantial rights of the parties are not in jeopardy: Riley v. Riley, 16 Cumb. 1 (1965).

In the present case, there is no apparent prejudice to Commonwealth National Bank or the remaindermen resulting from the short delay by the Department of Revenue in filing its answer.

## ORDER

And now, January 13, 1976, based on the foregoing discussion, the petition of the Commonwealth of Pennsylvania, Department of Revenue, is hereby granted and the time in which to file its answer is extended, nunc pro tunc, to September 5, 1975.