## Rightmire v. Minier

*Lester L. Greevy, Jr.*, for plaintiff.
*Richard A. Gray*, for defendant.

RAUP, *J.*, July 23, 1979—Before the court is defendant's motion for summary judgment. This case arises from a traffic accident which occurred on October 29, 1973. On September 22, 1975, upon praecipe of plaintiff, the prothonotary of Lycoming County issued a summons in trespass in the above-captioned matter naming "Charles R. Minnier" defendant. The summons was returned "not found" by the sheriff. Plaintiff's attorney had attached to the praecipe a memorandum to the sheriff suggesting that Charles R. Minnier resided at R.D. 1, Hughesville, Pa.

On April 26, 1976, plaintiff filed a suggestion of corrected name, correcting the name of Charles R. Minnier to Clarence R. Minier, and simultaneously filed a praecipe to reissue the writ of summons against Clarence R. Minier. The reissued summons was in fact served upon Clarence R. Minier on April 27, 1976. Thereafter, plaintiff filed a complaint, defendant filed an answer and new matter raising the statute of limitation defense and plaintiff filed an answer to the new matter.

Both parties have filed affidavits relevant to the motion for summary judgment. The affidavit in behalf of plaintiff was filed by plaintiff's attorney who avers that he had, rightly or wrongly, copied the name Charles R. Minnier from the state police accident report; that there was only one occupant in the offending vehicle, that being Clarence R. Minier; and that the address used when the initial summons in trespass was filed was the correct address for Clarence R. Minier. The defense affidavit filed by council for defendant attaches a copy of the police accident report which would indicate that the police accident report indicated the operator in question was Clarence R. Minier.

Defendant has moved for summary judgment averring that the above facts indicate that Clarence R. Minier was sued after the expiration of the two-year statute of limitations applying to personal injuries. (The action is brought for recovery for personal injuries only.)

In determining whether the caption of the case may be amended as to the name of defendant after the statute of limitations has run, the question is whether the right party was sued but under a wrong designation, in which case the amendment is permissible; or whether a wrong person was sued and the amendment is designed to substitute another

and distinct party, in which case the amendment is not permitted: Paulish v. Bakaitis, 442 Pa. 434, 275 A. 2d 318 (1971) (amendment permitted where suit was originally brought against "Bart Bertocci, Inc." instead of a partnership known as "Bertocci Construction Company." See also Boatman v. Thomas, 320 F. Supp. 1079 (M.D. Pa. 1971) (amendment permitted from "Dann G. Thomas to George Thomas Dann").

The record presented to the court satisfies us that plaintiff intended to bring suit against the sole occupant of the second vehicle involved in the accident of October 29, 1973, and that a mistake was made as to the spelling of the name. At no time did plaintiff intend to sue a different and distinct individual.

In both the Paulish and Boatman cases, the correct party had been served despite the incorrect name. In the present case, service had never been effected upon anyone. We have found no case on all fours with the present factual situation. It is our conclusion that actual service of the correct party under the incorrect name is not necessary in order for plaintiff to obtain an amendment to the caption.

Both the Boatman and Paulish cases place emphasis on the fact that in those fact situations no one was harmed by the mistake. The same would appear to be true in the affidavits presented in this case. Paragraph 3 of the affidavit opposing motion for summary judgment avers that when plaintiff retained counsel shortly after the accident he did not know the name of the other driver but did know that that driver was insured by Selected Risks Insurance Company, which company paid plaintiff's property damage claim for the damage to the automobile, which had been totaled. Therefore, the

insurance company for defendant and thus presumably defendant would have been on notice of the existence of the claim shortly after the occurrence of the accident. They would have had the opportunity to muster and preserve evidence at a point and time close to the occurrence of the accident.

## ORDER

And now, July 23, 1979, for the reasons set forth in the foregoing opinion, the motion for summary judgment is denied.