## Uphouse v. Duffy

*Stanley Lieberman,* for plaintiff.
*Robert Keller* and *Edmond K. John,* for defendants.

STIVELY, *J.,* July 3, 1980—The above captioned matter comes before the court on defendant Campbell Realty Company's preliminary objections to plaintiff's amended complaint which objections are in the nature of a motion to strike. On June 15, 1979 plaintiff filed a complaint against "John Duffy, Individually, and t/a Campbell Realty Co." A praecipe reinstating the complaint was filed on July 26, 1979 and service was obtained on August 2, 1979. The complaint contains two counts in trespass and one count in assumpsit for damages allegedly sustained by plaintiff during the construction of a house which construction was commenced in or about May of 1977. On October 17, 1979 defendant John Duffy filed an answer and new matter alleging, inter alia, that defendant has never ". . . done business as Campbell Realty Co. . . . [but rather that] Campbell Realty Co. was, and is, a sole proprietorship of Charles L. Campbell, Jr." In new matter defendant avers that he was an employe of Campbell Associates and Campbell Realty Co. Plaintiff, on November 2, 1979, filed a praecipe reinstating the complaint and amending the caption to include Campbell Realty Co. and Campbell Associates. Campbell Realty Co. filed preliminary objections based on the failure to conform to the

rules of court and laws for improper joinder. On April 18, 1980 the court permitted the joinder by original defendant of additional defendants Campbell Realty Co. and Campbell Associates (making absolute the rule issued on January 4, 1980). A complaint was filed against additional defendants on May 30, 1980.

We are called upon to decide whether plaintiff properly included Campbell Realty Co. as an original defendant by the filing of a praecipe to reinstate, which praecipe simply added the two defendants to the caption and was filed after the complaint was effectively served on the original, named defendant. It must be noted that nowhere in the complaint is defendant Campbell Realty Co. identified or described nor are there any specific allegations in reference to that defendant.

Plaintiff, in her answer to the preliminary objections, contends that she "has not attempted to amend [the] complaint . . . [but] . . . has [only] amended its caption and added a new party defendant pursuant to Pa.R.C.P. 1010(b)." We must question the validity of adding a new party by a praecipe to reinstate *after* service of process was effectively made on the original defendant. Pa.R.C.P. 1010 appears to be primarily in reference to those situations where plaintiff cannot acquire service on any of the named defendants, and thus would have no application when the pleading is served within the requisite 30 day period. See Stephens v. King, 22 Beaver 32 (1960), and 2 Anderson, Pa. Civ. Prac. § 1010.1. We cannot find that plaintiff was attempting to correct a misdesignation of a party defendant but, as plaintiff concedes in her answer, was in fact adding a new party. The original defendant was and is John Duffy (albeit individually and trading as Campbell Realty Co.) and not Campbell Realty

Company. The rules permitting the adding of additional parties have always been subject to statute of limitations consideration. If the right party was sued but under the wrong designation, amendment may be permitted; but if the wrong party was sued, and the amendment seeks to add the proper party after the statute has run, the amendment will be denied. See Nearing v. Zuzek, Jr., 65 D. & C. 2d 371 (1974); Paulish v. Bakaitis, 442 Pa. 434, 275 A. 2d 318 (1971); Sepkovic v. Pletcher, 33 Fayette 84 (1970).

Plaintiff presents a situation to the court where parties named on the caption of the case are not even identified in the complaint let alone referred to in specific allegations. We find that the method of joinder was defective and therefore enter the following

ORDER

And now, July 3, 1980, the motion of Campbell Realty Co. is granted and that defendant is stricken as an original defendant from the above captioned matter.