## Adamo v. Heck's Department Store

*Charles F. Gilchrest*, for plaintiff.
*Robert L. Lackey*, for defendants.
*Peter C. Acker*, for additional defendants.

FORNELLI, *J.*, November 24, 1987 — On October 6, 1983, plaintiff filed a praecipe for a writ of summons in trespass against, inter alia, "Heck's Department Store — No. 64," hereinafter defendant. That same date a writ of summons was issued and was served on defendant on October 11, 1983, at its place of business in Sharon, Pa. upon "John L. Elash, agent for said defendant."

A general entry of appearance by counsel was made by praecipe on August 28, 1986, and a rule was issued, at defendant's request, upon plaintiff to file a complaint. Plaintiff filed a complaint on November 5, 1986, alleging that defendant conducts business in a store in Sharon City Centre, Sharon, Pa. and that on October 10, 1981, plaintiff fell on the walkway in front of that store after exiting defendant's business by reason of a defect in the walkway causing her personal injuries.[1]

---

1. Plaintiff also sued defendant's landlord, Rochester Associates, as owner of the shopping center.

Defendant has filed preliminary objections in the nature of a demurrer alleging that plaintiff has "failed to sue an individual, corporation, partnership or other competent entity." Defendant argues that the complaint must be dismissed as being filed against a non-existent entity. The statute of limitations having passed, the effect of the disposition of the demurrer upon plaintiff's cause of action is of substantial consequence to the parties since, if sustained, plaintiff would be unable to file a new complaint against defendant unless it is determined that leave to amend can be granted without asserting a cause of action against a new party. See 2 Goodrich — Amram 2d, §1033:3; *Thompson v. Peck*, 320 Pa. 27, 30, 181 Atl. 597 (1935). At the argument on the demurrer, plaintiff by oral motion requested leave to amend defendant's name to Heck's Inc.

Defendant is identified in paragraph two of plaintiff's complaint as follows: "Defendant Heck's Department Store — No. 64, is a business establishment engaged in the business of selling consumer merchandise and goods to the consuming public with a place of business situate at Sharon City Centre, West State St. and West Connelly Blvd., Sharon, Mercer County, Pa."

A preliminary objection in the nature of a demurrer admits as true all averments of fact and inferences fairly deducible therefrom. *Yahia v. Bigan*, 397 Pa. 316, 155 A.2d 343, 344 (1959). Only if it is clear and free from all doubt that a cause of action has not been pled should a trial court grant a demurrer, and all doubts must be resolved in favor of overruling the demurrer. *Steiner by Steiner v. Bell Telephone Co.*, 358 Pa. Super. 505, 517 A.2d 1348, 1349 (1986).

The resolution of the demurrer is not difficult. The resolution of the request for leave to amend re-

quires more analysis. The basic issue there is whether the right party was sued but under a wrong designation, or whether a wrong party was sued and the amendment would substitute another and distinct party. *Gozdonovic v. Pleasant Hills Realty Co.,* 357 Pa. 23, 53 A.2d 73, 75 (1947); accord, *Paulish v. Bakaitis,* 442 Pa. 434, 440, 275 A.2d 318, 321 (1971). Amendment of the complaint is permitted despite the running of the statute of limitations when the right party is sued under a wrong designation. *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971); *Cheza v. Repas,* 20 Mercer Co. L.J. 49 (1970).

In order to determine if a proper party has been sued, it is first necessary to determine the meaning of "a business establishment engaged in the business of selling consumer merchandise and goods to the consuming public." It has been accepted that the term "establishment" may be defined as either "an organized business concern, or the building occupied by it." The New Century Dictionary (1942 ed.) 517 as cited by the court in *Walling v. American Stores Co.,* 133 F.2d 840, 844, n. 11. In order to determine which definition we should adopt, it is necessary to consider each in conjunction with the remainder of the description used in the complaint. Once this is done, it is obvious that plaintiff has described a business and not the building it occupies since it is impossible for a mere building to be "engaged" in the business of selling consumer merchandise and goods to the consuming public." Since it is a well accepted fact that a business establishment or entity is not a natural but an artificial person, we are satisfied that plaintiff has in fact sued an artificial person as required by the Pennsylvania Supreme Court in *Thompson v. Peck,* 320 Pa. 27, 30, 181 Atl. 597 (1935); accord *Philadelphia Fa-*

*cilities Management Corp. v. Biester*, 66 Pa. Commw. 366, 431 A.2d 1123, 1127 (1981); *Williamsport Fireman Pension v. E.F. Hutton & Co.*, 567 F. Supp. 140, 142 (M.D., Pa., 1983).

It is also necessary to determine whether the correct business entity has been identified by the name "Heck's Department Store — No. 64." It is a fair inference from this designation that Heck's Inc. operates its retail stores under the name of Heck's Department Store. Heck's Department Store in Sharon, Pa., is identified as Number 64 and, therefore, is identified within defendant's business organization is as "Heck's Department Store — No. 64 located at Sharon City Centre, West State St. and West Connelly Blvd., Sharon, Mercer County, Pa." Accordingly, it appears that plaintiff has properly identified the correct business establishment but incorrectly used its corporate designation number instead of its official corporate ownership title.[2]

Where defendant has simply been sued under the wrong corporate name, an amendment has been permitted. In *Wheeler v. Rom's Wholesale Grocer Inc.*, 57 D.&C. 205, 208-209 (1946), the court permitted an amendment after the expiration of the statute of limitations to correct the corporate name of defendant, where plaintiff had brought suit against the corporation under its trade name. See also *Gordon v. Howard Johnson Motor Courts*, 42 D.&C 2d 563 (1967).

Amendment of the complaint is also permitted despite the running of the statute of limitations when

---

2. Of course, these inferences are drawn only for purposes of the matter before us. Heck's Inc. may properly by pleading and proof controvert these inferences and establish, if it be true, that no legal relationship exists with Heck's Department Store — No. 64.

the right party is sued under a wrong designation. *Paulish v. Bakaitis*, 442 Pa. 434 (from a corporation to a partnership); *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A.2d 73 (1942) (from a corporation to a partnership); *Powell v. Sutliff*, 410 Pa. 436, 189 A.2d 864 (1963) (from a partnership to a corporation); *Waugh v. Steelton Taxicab Co.*, 371 Pa. 436, 89 A.2d 527 (1963) (from a corporation to an individual).

Based on the pleadings in the case at bar, it is a fair inference that the entities involved, both before and after the proposed amendment are the same. See *Fretts v. Paretti*, 282 Pa. Super. 166, 422 A.2d 881 (1980). We agree with the court in *Fretts v. Paretti* which held that: "When the original complaint seeks to impose liability against the assets of a business entity, and the amendment is designed merely to correct the description of the business entity already made a party to the proceedings, the amendment is properly admitted." Id. at 171.

The corporation, Heck's Inc., does not allege any prejudice or lack of knowledge about this suit. Plaintiff served the suit papers at the place and situs of the fall.

As pointed out by the Superior Court in the case of *Jacob's Air Conditioning & Heating v. Associated Heating & Air Conditioning*, ____ Pa. Super. ____, 531 A.2d 494, 496 (1987), where the assets subject to liability are not changed by permitting the amendment to the pleadings prejudice does not result:

"Generally when [a party] will not be prejudiced by the proposed change, courts are inclined to deem the change one of name only, not of party, and will permit the amendment to allow the change."

While defendant's demurrer asserts that plaintiff has sued a legal non-entity and that, therefore,

there is nothing legally cognizable to change, this is an assertion of fact, unsupported by the record. Plaintiff's assertion in the preliminary objection is insufficient and is in the notice of an impermissible "speaking demurrer." See 2 Goodrich Amram Standard Pa. Practice, §1017(b)-11, p. 82. Moreover, since on a demurrer all averments of facts and fair inferences therefrom are accepted as true and all doubts resolved in favor of refusing the demurrer, (see supra at page 3), plaintiff's allegation that defendant is a business establishment is sufficient to assert the existence of defendant as a legal entity.

While the nature of the entity as an association, partnership, or corporation is not asserted, defendants have not asked for a more specific pleading and as noted above, a business establishment as used in the complaint fairly implies an artificial person.

The changing of its designation to the official corporate name after the statute of limitations has run does not result in suing a new party. While the Rules of Civil Procedure provide "an action shall be prosecuted . . . against a corporation . . . in its corporate name," Pa.R.C.P.2176 defines "corporate name" as meaning: "any name, real or fictitious, under which a corporation . . . conducts business, whether or not such name has been filed or registered."

We find that an amendment permitting plaintiff to list defendant's correct corporate name, by changing the caption from the general designation of a business establishment or entity to the official corporation name will not involve adding a new party, but merely correct the name and designation of an artificial person already sued.

Hence, this

## ORDER

And now, this November 24, 1987, defendant's demurrer is denied. Plaintiff is granted leave to amend within 20 days the caption and complaint to identify defendant as "Heck's Inc., a corporation doing business as Hecks Department Store — No. 64. . . ." Defendant shall have 20 days to file responsive pleadings thereto.