In re PHAR–MOR, INC. SECURITIES LITIGATION.

The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, et al., Plaintiffs,

v.

David S. SHAPIRA, et al., Defendants.

CORPORATE PARTNERS, L.P., et al., Plaintiffs,

v.

COOPERS & LYBRAND, et al., Defendants.

WESTINGHOUSE CREDIT CORPORATION and First Westinghouse Capital Corporation, Plaintiffs,

v.

David S. SHAPIRA, et al., Defendants.

FOXMEYER DRUG COMPANY, Plaintiff,

v.

COOPERS & LYBRAND, Defendant.

Irwin J. ASKOW, et al., Plaintiffs,

v.

PHAR–MOR, INC., et al., Defendants.

Richard ROSENBLOOM and Carol Rosenbloom, et al., Plaintiffs,

v.

David S. SHAPIRA, et al., Defendants.

GENERAL ELECTRIC CAPITAL CORPORATION, Plaintiff,

v.

COOPERS & LYBRAND, et al., Defendants.

The EDWARD J. DeBARTOLO CORPORATION, et al., Plaintiffs,

v.

COOPERS & LYBRAND, et al., Defendants.

GROVE ASSOCIATES, et al., Plaintiffs,

v.

COOPERS & LYBRAND, et al., Defendants.

SEARS, ROEBUCK & CO., et al., Plaintiffs,

v.

David S. SHAPIRA, et al., Defendants.

BAKER NYE SPECIAL CREDITS, INC., et al., Plaintiffs,

v.

COOPERS & LYBRAND, et al., Defendants.

GIROCREDIT BANK, Plaintiff,

v.

COOPERS & LYBRAND, et al., Defendants.

GIANT EAGLE OF DELAWARE, INC., et al., Plaintiffs,

v.

COOPERS & LYBRAND, Defendant.

MFS LIFETIME EMERGING GROWTH FUND, et al., Plaintiffs,

v.

COUNTY NATWEST GLOBAL SECURITIES, LTD., et al., Defendants.

Ivan BOWEN, II, et al., Plaintiffs,

v.

David S. SHAPIRA, et al., Defendants.

Civ. A. Nos. 92–1938, 93–0631, 93–0248, 92–2193, 93–0933, 93–0244, 93–0249, 93–1164, 93–1437, 93–2089, 93–0246, 94–0213, 94–1394, 92–2269, 93–0521 and 93–0245.

MDL No. 959.

Misc. No. 93–96.

United States District Court, W.D. Pennsylvania.

Oct. 25, 1994.

Richard J. Stone, Miami, FL, for Equitable.

Eric Seiler, New York City, for Corporate Partners.

Edwin L. Klett, Pittsburgh, PA, for Westinghouse Credit.

William B. Dawson, Dallas, TX, for Fox-Meyer.

Jonah Orlofsky, Chicago, IL, for Askow.

William C. House, New York City, for Rosenbloom.

R. Daniel Scheid, Rockville, MD, for G.E. Capital.

James H. McConomy, Pittsburgh, PA, for Edward J. DeBartolo Corp. & Grove Associates.

Sarah R. Wolff, Chicago, IL, for Sears.

Edward C. Schmidt, Pittsburgh, PA, for Baker NYE Special Credits & GiroCredit Bank.

Bernard D. Marcus, Pittsburgh, PA, for Giant Eagle.

Daniel A. Pollack, New York City, for MFS Lifetime Emerging.

Arthur T. Susman, Chicago, IL, for Bowen.

Robert J. Sisk, New York City, for Coopers & Lybrand.

## *OPINION*

ZIEGLER, Chief Judge.

Pending before the court are the motions of the plaintiffs in the above-captioned MDL actions for certification of a defendant class of Coopers & Lybrand partners and principals. For the reasons that follow, we will grant the motions and a defendant class will be certified in each of the actions as defined below.

■ Coopers & Lybrand, a partnership, is a public accounting firm which conducts business in all 50 states and abroad. It has been named as a defendant in each of the MDL actions for its role as the independent auditor of Phar–Mor, Inc., a deep-discount drugstore chain, during the period of time that certain principals of Phar–Mor were engaged in

fraudulent financial activities. The fraud painted a false picture of profitability at the company and concealed substantial operating losses. During the period of the fraud, Coopers conducted audits of, and issued "clean" audit opinions for, the yearly financial statements which were later determined to be fraudulent. Plaintiffs allege that Coopers is liable for the losses that they each incurred in their dealings with Phar–Mor or its related entities as a result of Coopers' failure to uncover the fraud. Plaintiffs have each asserted one or more of the following claims against Coopers: common law fraud, negligence, negligent misrepresentation, and violation of the federal securities laws.[1]

Plaintiffs contend that there is a "real danger" that Coopers' insurance funds and partnership assets will be insufficient to satisfy the judgments that may be rendered against the partnership. Plaintiffs' intent, in seeking certification of a defendant class, is to make the personal assets of the partners and principals available for satisfaction of such judgments.[2] Although it is clear that, under the laws of Pennsylvania and many other states, each of the partners and principals of Coopers is jointly and severally liable for any judgments which may be rendered against the partnership, 15 Pa.C.S.A. §§ 8325 and 8327; *Resolution Trust Corp. v. KPMG Peat Marwick,* Civil Action No. 92–1373, 1992 WL 245705, 1992 U.S.Dist. LEXIS 16670 (E.D.Pa. Sept. 22, 1992), it is also the rule in Pennsylvania and elsewhere that a judgment against a partnership may not be executed against the personal assets of the partners and principals unless the individuals are joined as parties to the litigation. *See, e.g., Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (Pa.1971). Accordingly, plaintiffs move for certification of a defendant class pursuant to Fed.R.Civ.P. 23(b)(1)(B) or 23.2.

Under Rule 23(b)(1)(B), a class action is maintainable only if the four prerequisites set forth in Rule 23(a) are satisfied and if:

> the prosecution of separate actions by or against individual members of the class would create a risk of ... adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests....

There is little dispute that the four prerequisites of Rule 23(a) are satisfied here. Those prerequisites are: (1) the class must be so numerous as to make joinder of all members impracticable; (2) there must be questions of law or fact which are common to the class; (3) the claims or defenses of the representative parties must be typical of those of the class; and (4) the representatives must fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

The first requirement, numerosity, is presumptively established by the existence of over 1200 Coopers partners and principals. *See e.g., In re Alexander Grant & Co. Litigation,* 110 F.R.D. 528 (S.D.Fla.1986) (defendant class of 350 accounting partners held to be sufficiently numerous); *Northwestern National Bank of Minneapolis v. Fox & Co.,* 102 F.R.D. 507 (S.D.N.Y.1984) (class of over 300 accounting partners held sufficiently numerous). The third requirement is also satisfied because the defenses of Coopers and the representative partners and principals are typical, if not identical, of those of the class. Moreover, the parties agree and we find that Coopers and the class representatives would adequately protect the interests of the putative class members, the fourth requirement.

---

1. By order of this court dated July 23, 1993, all pleadings filed in the MDL were deemed to have been amended to assert claims against the individual partners and principals of Coopers as members of a putative class. Sixteen class representatives were set forth in the order and constitute the proposed class representatives in all actions. An additional thirteen class representatives have been named in civil actions 93–0631 (The Equitable Life Assurance action) and 93–

0933/93–2071 (FoxMeyer Drug Company actions).

2. Principals of accounting firms are, like partners, owners of the partnership and are jointly and severally liable for the liabilities of the partnership. The primary distinction between principals and partners is that principals are not Certified Public Accountants.

Coopers states in its brief in opposition to certification that the only issue likely to arise under Rule 23(a) is whether there are common legal issues. However, Cooper contends that commonality is also not at issue here due to the fact that plaintiffs have assumed that Pennsylvania law is controlling in each of the actions. Plaintiffs deny that they have made any representations to the court with respect to the choice of law issue and contend that the commonality requirement is satisfied regardless of which state's law is controlling because each of the states whose laws might apply has adopted some form of joint and several liability based on the Uniform Partnership Act. Therefore, the legal questions which will be addressed in these actions will be common to the class claims regardless of the controlling law. We agree and hold that the commonality requirement is met. Accordingly, we hold that plaintiffs have established each of the class action prerequisites of Rule 23(a).

■ We also hold that a class action is appropriate under Rule 23(b)(1)(B) because the prosecution of separate actions would substantially impair the ability of the individual class members to protect their interests. Because, under the theory of joint and several liability, all partners are legally responsible for the negligence of a single partner, a finding of liability against Coopers and any of the representative partners or principals would have a substantial effect on the interests of the putative class members. In a similar case, *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 528 (S.D.Fla.1986), the district court stated that:

> a finding in the first trial that a Grant partner was responsible for authorizing financial statements containing materially misleading information would substantially bar the other partners from asserting a contrary position. Thus, these partners would be foreclosed from defending their interests.

*Id.* at 537. Here, a finding that the negligent or fraudulent acts of a partner or partners were responsible for plaintiffs' losses would effectively foreclose any defense by the putative class members.

Moreover, even if the effects of *stare decisis* are insufficient to satisfy the prerequisites of 23(b)(1)(B), *see La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 467 (9th Cir.1973), the combination of *stare decisis* and the fact that a partner's admissions against co-partners could be admissible against a putative class member as a statement of a party against its interest warrants certification of a non opt-out class of partners. *See Resolution Trust Corp. v. KPMG Peat Marwick*, No. 92–1373, 1992 WL 245705, *1–2, 1992 U.S.Dist. LEXIS 16670, *5 (citing Fed.R.Evid. 801(d)(2)(D)).

Finally, in *Alexander Grant,* the court was also concerned with:

> protecting the partners' interests in a common fund—their professional liability insurance coverage. Separate adjudications conceivably would exhaust coverage leaving subsequently tried partners to pay legal fees from their own pocket and leave them with only personal assets from which to compensate plaintiffs. Thus, this court must concern itself with the interests of all partners while keeping an eye on the conservation of both partnership and individual assets.

110 F.R.D. at 538 (citation omitted). Such concerns are also relevant here, where Coopers' insurance funds have been and will continue to be depleted during the prosecution of the MDL actions, with the possible result that little or no funds will be available for the putative class members to use in defense of any claims brought against them in separate actions.

■ Coopers insists that, even if plaintiffs can establish that the requirements for class certification under 23(b)(1)(B) have been met, a class action is not appropriate because such an action would violate the due process rights of many of the putative class members. Coopers correctly states that all members of a non opt-out defendant class must be shown to have minimum contacts with the forum in order to be subject to suit there. *In re Real Estate Title & Settlement Servs. Antitrust Litigation*, 869 F.2d 760 (3d Cir. 1989), *cert. denied*, 493 U.S. 821, 110 S.Ct. 77, 107 L.Ed.2d 44 (1989).

Initially, we note that Coopers' jurisdictional argument rings hollow due to the fact that many of the instant actions were filed in state courts other than Pennsylvania and are being prosecuted here only because of the legal maneuverings of Coopers.[3] It is therefore somewhat disingenuous for Coopers to argue that this court lacks personal jurisdiction over certain partners and principals due to a lack of minimum contacts with Coopers' chosen forum—Pennsylvania.

Moreover, we agree with plaintiffs that, under the circumstances, Coopers' partners and principals purposefully availed themselves of the forum state through the partnership. We hold that we have personal jurisdiction over Coopers' partners and principals with respect to these actions in light of the fact that Coopers has established business offices within the state and has engaged in significant and continuous business operations in Pennsylvania, which presumably has resulted in profits for the partnership and, correspondingly, for the partners and principals. It is also significant that many of the transactions and occurrences which form the basis of plaintiffs' claims took place in the forum state. For these reasons, we hold that we have personal jurisdiction over Coopers' partners and principals. *See Resolution Trust Corp. v. KPMG Peat Marwick, supra,* at *2, at *6–7 (where individual partners, through the partnership, actively sought and conducted business in Pennsylvania and profited substantially from their efforts, and where that business may have been responsible for the loss of millions of dollars by a Pennsylvania bank, the "minimum contacts" requirement was satisfied with respect to all partners).

Finally, we note that this court has from the outset of the MDL litigation deemed consolidation of all of the actions arising out of the Phar–Mor fraud into a single forum to be a significant factor when analyzing any close questions involving jurisdiction or choice of forum. Here again, joinder of all Coopers' partners and principals by way of a class action will avoid burdening the courts throughout the nation with duplicitous and unnecessary filings, and will save both plaintiffs and defendants significant time and expense. In sum, because we find that the this court's assertion of jurisdiction over the proposed defendant class will not violate the due process rights of the putative class members and will promote judicial efficiency, we will resolve the certification issue in favor of plaintiffs.

For all of the above reasons, we hold that it is appropriate to establish a non opt-out class of Coopers' partners and principals pursuant to Fed.R.Civ.P. 23(b)(1)(B). The defendant class for each action will be defined as follows:

1. C.A. No. 93–0631 (Equitable Life action):

   All persons who were partners or principals of Coopers at any time during the period May 1, 1989 through March 26, 1992.

2. C.A. No. 93–0248 (Corporate Partners action):

   All persons who were partners or principals of Coopers at any time during the period May 1, 1990 through June 27, 1991.

3. C.A. No. 92–2193 (Westinghouse Credit action):

   All persons who were partners or principals of Coopers at any time during the period January 1, 1985 through August 4, 1992.

4. C.A. Nos. 93–0933 and 93–2071 (FoxMeyer Drug action):

   All persons who were partners or principals of Coopers at any time during the period April 1, 1989 through August 4, 1992.

5. C.A. Nos. 93–0244 and 93–0249 (Askow/Rosenbloom actions):

   All persons who were partners or principals of Coopers at any time during the period March 1, 1985 through August 4, 1992.

---

**3.** Many of these actions were initiated in state court and were removed to federal court by Coopers pursuant to 28 U.S.C. § 1452(a), which permits removal of cases that are "related to" federal bankruptcy proceedings. Thereafter, they were transferred to this court by the Judicial Panel on Multidistrict Litigation at the urging of Coopers.

6. C.A. No. 93–1164 (General Electric Capital action):

All persons who were partners or principals of Coopers at any time during the period May 1, 1989 through August 4, 1992.

7. C.A. No. 93–0521 (MFS Lifetime Emerging Growth action):

All persons who were partners or principals of Coopers at any time during the period March 1, 1985 through August 4, 1992.

8. C.A. No. 92–2269 (Giant Eagle action):

All persons who were partners or principals of Coopers at any time during the period March 1, 1985 through August 4, 1992.

9. C.A. Nos. 94–0213 and 94–94–1394 (Baker NYE Special Credits and GiroCredit actions):

All persons who were partners or principals of Coopers at any time during the period March 1, 1985 through August 4, 1992.

10. C.A. No. 93–0246 (Sears, Roebuck action):

a) (Sears, Roebuck & Co. only): All persons who were partners or principals of Coopers at any time during the period August 29, 1989 through August 4, 1992.

b) (All other plaintiffs): All persons who were partners or principals of Coopers at any time during the period August 24, 1990 through August 4, 1992.

11. C.A. No. 93–0245 (Bowen Action):

All persons who were partners or principals of Coopers at any time during the period August 29, 1989 through August 4, 1992.[4]

Each of the moving plaintiffs has also requested, without explanation, that the defendant classes include all persons who are or will be partners or principals of Coopers at the time of judgment. We find no basis for including such individuals in the defendant classes since it is likely that many of these individuals will not have been partners or

principals during the relevant time periods and therefore cannot be held personally liable for Coopers' actions during that time. *See* 15 Pa.C.S. § 8329; *In re CS Associates,* 160 B.R. 899 (Bankr.E.D.Pa.1993).

In light of our holdings, we decline to address whether a defendant class of Coopers' partners and principals could be certified under Fed.R.Civ.P. 23.2. An appropriate written order follows.

### ORDER OF COURT

AND NOW, this 25th day of October, 1994,

IT IS ORDERED that the motions of The Equitable Life Assurance Society of the United States, *et al.* (document no. 491), MFS Lifetime Emerging Growth Fund, *et al.* (document no. 661), Giant Eagle of Delaware, Inc. (document no. 539), Baker NYE Special Credits, Inc., *et al.* (document no. 1223), Sears, Roebuck and Co., *et al.* (document no. 475), and Ivan Bowen, II, *et al.* (document no. 558), for certification of non opt-out defendant classes of Coopers & Lybrand partners and principals pursuant to Fed.R.Civ.P. 23(b)(1)(B) be and hereby are granted. Such classes be and hereby are defined as fully set forth in the opinion accompanying this order.

IT IS FURTHER ORDERED that the plaintiffs in civil action nos. 93–1437 (The Edward J. DeBartolo Corp., *et al.*) and 93–2089 (Grove Associates, *et al.*), shall file a document with the court within fifteen (15) days of the date of this order defining the proposed defendant class with respect to their actions.

4. We note that the plaintiffs in C.A. Nos. 93–1437 (The Edward J. DeBartolo Corporation) and 93–2089 (Grove Associates) joined in the class certification motions but have apparently failed to define a proposed defendant class for their respective actions. We will require these plaintiffs to file a document with the court defining the defendant class they seek to have certified.