J-A04013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELE MARIE MILLS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEE YOM | : | |
| | : | |
| Appellant | : | No. 947 MDA 2022 |

Appeal from the Order Entered June 14, 2022
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-222-22

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:          **FILED: APRIL 11, 2023**

Appellant, Lee Yom, appeals *pro se* from the June 14, 2022 order of

partition pursuant to Pa.R.C.P. 1557.[1]  We affirm.

Appellant and Appellee, Michele Marie Mills, were divorced by final

decree of December 16, 2021.  Appellee commenced this partition action with

a complaint filed February 16, 2022 and served on Appellant on March 1,

2022.  On March 21, 2022, after Appellant failed to respond, Appellee served

on Appellant a notice of intent to take a default judgment.  On April 4, 2022,

---

[1]  Rule 1557 permits entry of an order directing partition where, as here, the defending party defaults.  Pa.R.C.P. 1557.  The order before us is appealable pursuant to Pa.R.A.P. 311(a)(7); ***Zablocki v. Beining***, 155 A.3d 1116, 1118 n.4 (Pa. Super. 2017), ***appeal denied***, 172 A.3d 1121 (Pa. 2017).  A subsequent appeal is allowed from an order resolving the economic phase of the partition, such as an order distributing the proceeds of a sale.  ***Id.***; ***see also***, ***Kapcsos v. Benshoff***, 194 A.3d 139 (Pa. Super. 2018) (*en banc*).

after more than ten days had passed, default judgment was entered against Appellant. One day later, on April 5, 2022, Appellant filed an answer, new matter, and counterclaim, but did not petition to open the default judgment. Appellee filed preliminary objections[2] thereto on April 20, 2022. On June 14, 2022, the trial court entered two orders; one sustaining Appellee's preliminary objections and dismissing Appellant's answer, new matter, and counterclaim with prejudice; and another directing partition based on Appellant's default, as per Pa.R.C.P. 1557.

Appellant filed this timely *pro se* appeal seemingly challenging both orders. In response to this Court's August 15, 2022, rule to show cause, Appellant clarified that he wished to proceed with his appeal from the order directing partition and withdraw his appeal from the order sustaining Appellee's preliminary objections to Appellant's late-filed answer. Thus, the only argument before us is that the trial court committed an error of law or abuse of discretion in entering an order directing partition.[3] Appellant's *Pro Se* Brief at 4.

---

[2] **See** Pa.R.C.P. 1028(a)(2), permitting a preliminary objection to a pleading that fails to conform to law or rule of court.

[3] Partition is an equitable remedy.

> Trial courts have broad equitable powers to effectuate justice and we will find an abuse of discretion only if the trial court has misapplied the law or failed to follow proper legal procedures. The finder of fact is entitled to weigh the evidence presented and

*(Footnote Continued Next Page)*

Appellant does not assert any procedural irregularities leading up to the default judgment. The record reflects that the complaint contained a notice to plead, and that both the complaint and the notice of intent to take a default judgment were served on Appellant. The proper procedure for obtaining relief from a default judgment is set forth in Rule 237.3 of the Pennsylvania Rules of Civil Procedure.

> (2) If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.

Pa. R.C.P. No. 237.3(b)(2).[4] Appellant, as noted above, filed his answer, new matter, and counterclaim on April 5, 2022, one day after entry of the default judgment. He did not style it as a petition to open under Rule 237.3 and, in any event, he does not appeal from the order sustaining Appellee's preliminary objections.

Thus, our only task is to discern whether Appellant, in his *pro se* brief, has articulated any grounds upon which he can obtain relief from the default judgment that led to the order directing partition under Rule 1557. As noted

---

access its credibility. The fact finder is free to believe all, part, or none of the evidence and the Superior Court will not disturb the credibility determinations of the court below.

***Nicholson v. Johnston***, 855 A.2d 97, 102 (Pa. Super. 2004), ***appeal denied***, 868 A.2d 453 (Pa. 2005).

[4] As per Rule 1551, partition actions are governed by the rules applicable to civil actions except as provided otherwise in the rules specific to partition actions. Pa.R.C.P. 1551.

above, Appellant did not proceed under Rule 237.3.  Nonetheless, petitions to open judgment are permissible under our case law (**see** Pa.R.C.P. 237.3, Explanatory Comment 1994, Illustration 5):

> A petition to open a default judgment is addressed to the equitable powers of the court and the trial court has discretion to grant or deny such a petition.  The party seeking to open the default judgment must establish three elements: (1)  the petition to open or strike was promptly filed;[5] (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim.  The court's refusal to open a default judgment will not be reversed on appeal unless the trial court abused its discretion or committed an error of law. An abuse of discretion is not merely an error in judgment; rather it occurs when the law is overridden or misapplied, or when the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will.  Moreover, this Court must determine whether there are equitable considerations that weigh in favor of opening the default judgment and allowing the defendant to defend the case on the merits.  Where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion.

**Scalla v. KWS, Inc.**, 240 A.3d 131, 135-36 (Pa. Super. 2020), **appeal denied**, 253 A.3d 680 (Pa. 2021), **cert. denied**, 142 S. Ct. 242 (2021).

Appellant does not directly address the law governing petitions to open. He cites Rule 126, which promotes liberal construction of the rules to "secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable."  Pa.R.C.P. 126.  Along with Rule 126, Appellant

---

[5]  This first prong is in place of the ten-day deadline of Rule 237.3.  Thus, there is no deadline for filing a petition to open under **Scalla** and similar case law.  The analysis of timeliness of any such petition rests within the trial court's equitable discretion.

relies on ***Francisco v. Ford Motor Co.***, 580 A.2d 374 (Pa. Super. 1990), ***appeal denied***, 592 A.2d 1301 (Pa. 1991), for the proposition that the 20-day filing period under Rule 1026[6] is merely permissive. Indeed, the ***Francisco*** Court stated that "the twenty day filing rule [Rule 1026] is said to be permissive rather than mandatory." ***Id.*** at 376. ***Francisco*** is inapposite however, because the plaintiffs did not seek entry of a default judgment and the appellant in that case was not seeking relief therefrom. Thus, there was no need for the defendants to establish a meritorious defense before the court accepted their answer. Appellant also relies on ***Paulish v. Bakaitis***, 275 A.2d 318 (Pa. 1971), for the proposition that "late pleadings may be filed if the opposite party is not prejudiced and justice requires." ***Id.*** at 322 (**quoting *Fisher v. Hill***, 81 A.2d 860 (Pa. 1951)). In both ***Paulish*** and ***Fisher***, the latter of which Appellant also cites, the Pennsylvania Supreme Court addressed the trial courts' discretion in accepting or rejecting late pleadings. Neither case involved a default judgment and subsequent petition to open.

In summary, Appellant has not filed a petition to open the default judgment. Therefore, the trial court had no occasion to analyze a petition to open in the first instance. Further, Appellant has failed to articulate any grounds on which he is entitled to relief from the order on appeal. We are cognizant of Appellant's plea for liberal construction of the procedural rules,

---

[6] Rule 1026(a) provides that all pleadings after the complaint shall be filed within 20 days of the previous pleading. Pa.R.C.P. 1026(a).

- 5 -

pursuant to Rule 126, but we also are cognizant that *pro se* litigants proceed at the risk that their lack of training and experience will prove costly.

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

**Branch Banking & Tr. v. Gesiorski**, 904 A.2d 939, 942 (Pa. Super. 2006) (**quoting** *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa. Super. 1996)). Because Appellant failed to follow the procedure for obtaining relief from a default judgment, and because he has failed to articulate any valid grounds for appellate relief, we affirm the order directing partition.

Appellant's application for emergency relief filed on March 22, 2023 is denied as moot. Given our disposition of this appeal, the parties and the trial court are free to proceed with the partition action in accordance with this memorandum.

Order affirmed. Application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2023